**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Darriel ORR,**
**Defendant–Appellant.**

No. 86–2772.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1988.

Paul D. Brunton and Thomas E. Salisbury, Tulsa, Okl., for defendant-appellant.

Layn R. Phillips, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before McKAY, LOGAN and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

Defendant James Darriel Orr appeals his conviction by a jury for conspiracy to file false income tax returns, in violation of 18 U.S.C. § 286. Orr alleges the following grounds for reversal of his conviction: (1) the district court should have suppressed the evidence obtained by a search of his apartment because the warrant and supporting affidavit were constitutionally defective; (2) the evidence was insufficient to support the conviction; and (3) the district court erred in admitting "other acts" evidence under Fed.R.Evid. 404. We affirm the conviction.[1]

In early 1986, the Internal Revenue Service (IRS) began investigating several tax returns filed in the first three months of that year that had reported similar employers and similar return addresses in Tulsa, Oklahoma. Agents discovered that Robert Swatt, using an alias, had rented three mailboxes, one of which was listed as the return address on each of the suspect returns. To find out who collected the mail from the boxes, the agents placed a refund check into one. Orr's brother-in-law, using a false name, collected that check; agents followed him to the apartment Orr and his wife occupied. Orr was the manager of the apartments, and his apartment served as the manager's office.

Several days later the IRS agents placed refund checks into another of the suspect mailboxes, and again waited for someone to collect the mail. This time Swatt collected the checks, and like the brother-in-law, went to Orr's apartment. When he arrived, two agents were inside the apartment, posing as potential renters and talking to Orr. Swatt gave Orr's wife a bundle of mail, and the agents noticed within the stack what appeared to be at least one brown envelope of the type in which tax refund checks are mailed. After the agents left the apartment complex, they obtained a search warrant for the apartment, apparently averring these facts in the supporting affidavit. The affidavit stated that agents observed Swatt "turn the tax refund check and envelope over to wife of the apartment manager [Orr] inside apartment 41."[2] Later that day they conducted the search, which yielded items indicating a scheme to defraud by filing false income tax returns.

I

First, Orr argues that the IRS agents knowingly or recklessly included falsehoods in the affidavit submitted to support the issuance of the search warrant and, therefore, that the fruits of the subsequent search must be suppressed. *See Franks v. Delaware*, 438 U.S. 154, 155–56, 171, 98 S.Ct. 2674, 2676–77, 2684 (1978). In particular, Orr focuses on the agents' averrment that they saw Swatt hand Orr's wife "the tax refund check and envelope," even though the agents later testified that at the time they did not know with certainty that the brown envelopes handed Orr's wife were in fact tax refund envelopes or that they still contained refund checks.

When a defendant makes a substantial preliminary showing that intentionally or recklessly false statements are included in an affidavit supporting a search warrant and that the affidavit without the false statements is insufficient to support a finding of probable cause, the defendant is entitled to a hearing on the matter. *See id.* at 171, 98 S.Ct. at 2684. At the hearing, he must establish knowing or reckless falsity by a preponderance of the evidence before he may obtain suppression of the evidence obtained from the search. *Id.* In the instant case, the trial court did hold a hearing based on Orr's *Franks* allegation. The court found that Orr had not established

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

2. Inexplicably, the affidavit was not designated as a part of the appellate record. The quoted material, which is an issue in the case, comes from the summary of the affidavit in Defendant Orr's Combined Motions and Briefs in Support Thereof, I R.Doc. 20 at 9; *see also* Brief of Appellee at 5.

the existence of knowing or reckless falsehoods in the affidavit by a preponderance of the evidence. I R.Doc. 27 at 6. Orr points to nothing indicating that the trial court's findings were incorrect. An affiant's negligence or innocent mistake resulting in false statements in the affidavit, which is at most what Orr has shown, is not enough to satisfy his burden. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684; *United States v. Page,* 808 F.2d 723, 729 (10th Cir.1987), *cert. denied,* ── U.S. ──, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1988); *United States v. Carlson,* 697 F.2d 231, 238 (8th Cir.1983).[3]

■ Next, Orr contends that even if his *Franks* claim fails, the agents' affidavit did not support a finding of probable cause to search his apartment. We must review the magistrate's finding of probable cause to issue the search warrant with "great deference." *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). The Fourth Amendment probable cause standard deals with probabilities and common sense conclusions, not certainties. *Id.* at 231, 103 S.Ct. at 2328. A "fair probability" or a "substantial basis" for believing evidence of a crime will be found at a certain location constitutes probable cause. *Id.* at 236, 238, 103 S.Ct. at 2331, 2332. Here, the magistrate logically could have concluded that illegally obtained tax refund checks or other evidence pertaining to the scheme would be found in Orr's apartment, and, thus, he properly concluded that the affidavit established probable cause to search it.[4]

■ Finally, Orr asserts that the evidence obtained in the search must be suppressed because the agents who searched the apartment conducted an unconstitution-

al "general search." *See United States v. Medlin,* 842 F.2d 1194 (10th Cir.1988). Orr failed to raise this general search argument in the district court, and "[i]ssues not raised in the district court will not be considered for the first time on appeal when, as here, 'there is no showing of an impediment to the appellant that precluded his raising the issue.'" *United States v. Lotspeich,* 796 F.2d 1268, 1271 (10th Cir. 1986) (quoting *United States v. Mitchell,* 783 F.2d 971, 995 (10th Cir.1986)). On appeal we will consider only the specific ground of the evidentiary objection in the trial court, unless the ground not raised constitutes "plain error resulting in manifest injustice." *United States v. Taylor,* 800 F.2d 1012, 1017 (10th Cir.1986), *cert. denied,* ── U.S. ──, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987); Fed.R.Crim.P. 52(b).

■ In the instant case, nothing prevented Orr from raising his general search argument in the trial court, and in fact a codefendant appears to have raised the argument with respect to the same search. The court denied this "conclusory allegation," finding that the codefendant had "produced no substantiating evidence at the hearing held May 8, 1986." I R.Doc. 27 at 7. Orr has not even designated the search warrant as a part of the appellate record, and we cannot discern what, if any, unauthorized items were obtained in the search. He shows no "plain error." *See United States v. Young,* 470 U.S. 1, 15, 16, 105 S.Ct. 1038, 1046, 1047, 84 L.Ed.2d 1 (1985) (appeals court should find plain error only if it is "'particularly egregious'" and would "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice") (citations omitted); *United States v. Mitchell,* 783 F.2d 971, 977–78

---

**3.** Orr also alleges that because the falsehoods were so glaring, the agents could not reasonably have believed that the warrant was valid. Thus, according to Orr, the good faith exception to the exclusionary rule cannot excuse the illegality of the affidavit and the resulting search. *See United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984); *United States v. Medlin,* 798 F.2d 407, 409 (10th Cir.1986). The *Leon* good faith exception does not apply to search warrants granted on the basis of a recklessly or intentionally false affidavit that vio-

lates *Franks. Leon,* 468 U.S. at 923, 104 S.Ct. at 3421. Therefore, if Orr had sustained his burden under *Franks,* suppression of the evidence obtained would have been the appropriate remedy.

**4.** Because there was probable cause to support the search of Orr's apartment, we have no occasion to address whether the agents' reliance on the warrant was in good faith. *Cf. Leon,* 468 U.S. at 922, 104 S.Ct. at 3420.

(10th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986).

The trial court correctly refused to suppress the evidence obtained by the IRS agents' search of Orr's apartment pursuant to the search warrant.

## II

■■■ We also reject Orr's argument that the government presented insufficient evidence to support a conviction on the conspiracy count.[5] Of course, we must "view the evidence in the light most favorable to the government and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." *United States v. White,* 673 F.2d 299, 301 (10th Cir.1982); *see also Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (question is whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original).

Both the government and Orr seem to agree that Robert Swatt was the primary actor in the present saga: he rented the mailboxes to which the fraudulently obtained checks were sent, he picked up some of the checks, and he completed at least some of the false returns. The testimony also showed that Swatt spent considerable time at Orr's apartment and was Orr's friend. This evidence alone is insufficient to support Orr's conviction, of course, because mere association with a criminal does not create a conspiracy. *See United States v. Butler,* 494 F.2d 1246, 1252 (10th Cir. 1974).

Nevertheless, the record contains substantial evidence tying Orr to the primary element of conspiracy—"an agreement to cooperate or . . . actual cooperation." *See United States v. Lopez,* 576 F.2d 840, 844 (10th Cir.1978). Testimony showed that IRS agents found, in Orr's bedroom, two tax refund checks, III R. 222, applications and receipts for mailbox rentals, IV R. 353–54, and other information connected with false income tax returns, IV R. 379–81, V R. 632–35; that agents saw Swatt, while in Orr's apartment, hand envelopes of the type in which refund checks are mailed to Orr's wife, III R. 232, IV R. 391–93; that when agents came to search Orr's apartment they found Orr and his wife there, with an apartment vacancy report—containing names of former renters that appeared on false tax returns—lying on the dining room table at which Swatt was seated, III R. 239, V R. 630–31; that in late 1985 Orr contacted Virginia Broaddus about assisting him in a tax refund scheme, V R. 552–54; and that during or immediately after the search of Orr's apartment, his wife stated that only she and defendant had access to the rental applications from which information on the false returns had been taken, IV R. 425–26. In addition, witness Lonnie Shatswell testified that in early 1986 he had discussed a tax refund scheme with Orr and Swatt. IV R. 452–62. Although Shatswell testified that Swatt was the instigator and that Orr did not sound interested in such a scheme, the government impeached this testimony by reading excerpts from Shatswell's grand jury testimony in which he implicated Orr in the scheme. *See* IV R. 459–62. Of course, credibility determinations are for the jury, and because Shatswell's prior statements were given under oath and he was subject to cross-examination at trial, the prior inconsistent statements were not hearsay, and were admissible as substantive evidence under Fed.R.Evid. 801(d)(1)(A). *United States v. Smith,* 776 F.2d 892, 897 (10th Cir.1985).

Thus, there was evidence that Orr knew of the scheme, agreed to participate in it, and the jury could infer that he cooperated in the accomplishment of the scheme by, among other things, providing the names and other biographical information of applicants at Orr's apartment complex for use

---

5. Defendant was convicted of violating 18 U.S.C. § 286, which provides as follows:

"Whoever enters into any agreement, combination, or conspiracy to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim, shall be fined not more than $10,-000 or imprisoned not more than ten years, or both."

in completing fraudulent tax forms. *See United States v. Dickey,* 736 F.2d 571, 599 (10th Cir.1984) (McKay, J., concurring & dissenting) ("agreement" is the crucial element of a conspiracy), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985).

### III

Orr contends that the trial court improperly admitted "other acts" testimony of two witnesses—Lonnie Shatswell and Virginia Kay Broaddus. Orr urges that this testimony did not clearly and convincingly demonstrate that he committed the other acts; that the trial court abused its discretion in not ruling that the potential prejudice from the testimony substantially outweighed its probative value, *see* Fed.R. Evid. 403; and that the court did not specifically determine the exception within Fed. R.Evid. 404(b) under which the testimony was admissible.

■ The jury was presented with Shatswell's grand jury testimony concerning Orr's involvement in a tax refund scheme in 1985, and his discussions with Orr in early 1986 about the possibility of starting a new scheme. IV R. 452–55, 459–61. Broaddus also testified about Orr's involvement in the earlier scheme and to his inquiries in late 1985 about a new one. V R. 545, 550–55. Both witnesses' statements about the scheme that began in late 1985 or early 1986 related to the IRS's investigation in the case at bar and thus constituted direct evidence about the scheme for which Orr was being tried. These statements were admissible without regard to Fed.R. Evid. 404(b), which pertains only to evidence of acts extrinsic to the charged crime. *See, e.g., United States v. Richardson,* 764 F.2d 1514, 1521 (11th Cir.), *cert. denied,* 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985); *United States v. Roylance,* 690 F.2d 164, 168 (10th Cir.1982). Therefore, the only potentially objectionable testimony by these two witnesses was that relating to the tax refund scheme alleged to have occurred earlier in 1985 for which Orr was not prosecuted.

■ We reject Orr's first allegation, that the court must find by clear and convincing evidence that he committed the "other acts" before it may admit evidence concerning them. The Supreme Court recently held that a trial court may admit evidence of extrinsic acts under Rule 404(b) provided "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston v. United States,* — U.S. —, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). The testimony of Broaddus and Shatswell, supplemented by Shatswell's grand jury testimony, was sufficient to meet this standard.

■ We also reject the assertion that the trial court abused its discretion in refusing to exclude the testimony of Shatswell and Broaddus because its probative value was substantially outweighed by unfair prejudice. *See* Fed.R.Evid. 403. Rule 403 prejudice determinations are largely within the province of the trial court. Nothing in the record or in Orr's arguments indicates that the district court's determination was so erroneous as to constitute an abuse of discretion.

Finally, Orr argues that the trial court made inadequate findings when it allowed into evidence, under Rule 404(b), the testimony of Shatswell and Broaddus regarding Orr's prior involvement in a different tax refund scheme. We have held that before a district court admits other acts evidence under Rule 404(b), it must specifically state the purpose for which it is admitting the evidence, and cannot merely recite the wording of Rule 404(b). *United States v. Kendall,* 766 F.2d 1426, 1436–37 (10th Cir. 1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986); *see also United States v. Soundingsides,* 820 F.2d 1232, 1236 (10th Cir.1987). *But see United States v. Rawle,* 845 F.2d 1244, 1247 (4th Cir.1988) (disagreeing with *Kendall* rule).

The government never stated, on the record, its specific purpose in seeking admission of the other acts testimony of

Shatswell or Broaddus.[6] Nor did the court articulate, on the record, the Rule 404(b) grounds it was employing when it admitted Shatswell's testimony; it merely stated as follows: "The Court thinks it [Shatswell's other acts testimony] has some relevance under one of the various reasons set forth in 404(b) having to do with motive, intent, preparation, plan, knowledge, such matters as that." III R. 247. Thus, the court violated the rule stated in *Kendall.*

Nevertheless, Fed.R.Crim.P. 52(a) mandates that we disregard "[a]ny error, defect, irregularity or variance which does not affect substantial rights." In implementing this rule with respect to the district court's failure to follow *Kendall,* we adopt the Fifth Circuit's approach stated in *United States v. Zabaneh,* 837 F.2d 1249 (5th Cir.1988): "Failure to make such findings necessitates remand 'unless the factors upon which the probative value/prejudice evaluation were made are readily apparent from the record, and there is no substantial uncertainty about the correctness of the ruling.'" *Id.* at 1262 (quoting *United States v. Robinson,* 700 F.2d 205, 213 (5th Cir.1983)).

■■■ We hold that we need not remand because the purpose for admitting the other acts testimony is apparent from the record, and the district court's decision to admit was correct. To prove the conspiracy charge the government had to show, among other things, that the conspiracy was willfully formed, that defendant knowingly became a member, and that he had some knowledge of the conspiracy's purpose. As we recently have stated regarding 404(b) evidence in another conspiracy case, "The [other acts] evidence helped explain how the conspiracy started. It also helped establish identity and interest. We are satisfied both that the evidence was sufficiently related to the charge to establish intent, motive, and conspiracy and that

the evidence did have real probative value." *United States v. Mora,* 845 F.2d 233, 237 (10th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 562, 102 L.Ed.2d 587 (1988) (citations omitted); *see also United States v. Bridwell,* 583 F.2d 1135, 1140 (10th Cir.1978) ("The proximity in time and similarity in method made the evidence especially probative, particularly in this, a conspiracy case.").

After examining the record and trial transcript, we hold that it is "readily apparent" in the instant case that the other acts testimony helped prove defendant's intent, his knowledge of the other conspirators, and the purpose and scope of the charged conspiracy. *See, e.g., United States v. Barbieri,* 614 F.2d 715, 719 (10th Cir.1980); *United States v. Parnell,* 581 F.2d 1374, 1384 (10th Cir.1978), *cert. denied,* 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 44 (1979).

Thus, defendant's substantial rights were not infringed and reversal is not required. *See* Fed.R.Crim.P. 52(a). Even so holding, we reiterate the importance of the *Kendall* rule and our adherence to it. Explicit on-the-record findings before a court admits evidence under Rule 404(b) ensures that the defendant's right to a fair trial is protected adequately, while not substantially prejudicing the government or burdening the court. It also makes the task of the reviewing appellate court less burdensome.

AFFIRMED.

■■■

---

**6.** Orr made no Rule 404(b) objection at trial when the government sought to introduce the testimony of Broaddus regarding Orr's prior involvement in a tax refund scheme. Thus, he waived this argument with regard to Broaddus' testimony, *see United States v. Taylor,* 800 F.2d 1012, 1017 (10th Cir.1986), *cert. denied,* — U.S.

—, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987), unless we should find it plain error. Inasmuch as our resolution of the Rule 404(b) issue regarding Shatswell's testimony applies to Broaddus' as well, we need not decide the plain error issue.