947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Royland Otto BYFIELD, Defendant-Appellant.
 No. 90-4089.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1991.
 
 Before STEPHEN H. ANDERSON, BRORBY and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Royland O. Byfield appeals a conviction of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm in a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). On appeal, Byfield contends that the evidence was insufficient to convict him. Byfield also argues that the trial judge committed reversible error in admitting evidence that, on a previous occasion, the Kansas City Police Department had taken a .45 caliber firearm from the defendant. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I. Sufficiency of the Evidence
 
 3
 In evaluating Byfield's claim of insufficient evidence, we must "view all the evidence, direct and circumstantial, as well as all reasonable inferences drawn therefrom, in the light most favorable to the government." United States v. Levario, 877 F.2d 1483 (10th Cir.1989) (citing United States v. Hooks, 780 F.2d 1526, 1529 (10th Cir.), cert. denied, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986)). If a reasonable jury could find the defendant guilty beyond a reasonable doubt, the evidence is sufficient. United States v. Parrish, 925 F.2d 1293 (10th Cir.1991).
 
 
 4
 The government was required to prove beyond a reasonable doubt that Byfield knowingly possessed the cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). "Possession may be actual or constructive and may be proved by circumstantial evidence." United States v. Hooks, 780 F.2d at 1531 (citation omitted). This court has recognized that constructive possession may be established by proving that the defendant exercised control and dominion over the vehicle from which the controlled substance was taken. Id. Proof of dominion and control over a vehicle, "without the requisite showing of knowledge, is insufficient to sustain a conviction under 21 U.S.C. § 841(a)(1)." Id. (citation omitted).
 
 
 5
 Byfield argues that the evidence is insufficient to establish he was in constructive possession of the cocaine that was found inside his suitcase in the trunk of his car. In support of his argument, Byfield points to evidence that could establish someone else put the cocaine in his suitcase without his knowledge: Byfield testified that after he put his suitcase into his car, his cousin's boyfriend borrowed his car, and the next morning his wife used the car; also, the arresting officer noted Byfield's suitcase was partially opened and looked as if it had been rummaged through.
 
 
 6
 We find that the jury had before it ample evidence from which to find that Byfield knowingly possessed the cocaine. Byfield admitted that he was the sole owner, driver and occupant of the car. Byfield made conflicting statements as to whether he loaned his car to anyone, and, if so, to whom he loaned the car. The jury also had before it evidence that a .22 caliber pistol was found on Byfield when he was arrested, and that an unsheathed bayonet, a .38 caliber handgun, a 9 millimeter assault rifle, and some .45 caliber ammunition were all found within the passenger compartment of Byfield's car. Byfield's possession of these weapons is circumstantial evidence that Byfield knowingly possessed the cocaine. The direct and circumstantial evidence taken as a whole, together with all reasonable inferences to be drawn from the evidence, convince us that a reasonable jury could have found that Byfield was guilty beyond a reasonable doubt.
 
 II. 404(b) Evidence
 
 7
 The trial judge allowed evidence to be presented that the Kansas City Police Department had once taken a .45 caliber handgun from Byfield. On direct examination, Deputy Sheriff Mitchell Vetere of the Emery County Sheriff's Department testified that he recovered a black tennis bag from the back seat of Byfield's car. The bag contained a .38 caliber revolver, a 9 millimeter assault rifle, and several types of ammunition, including some .45 caliber ammunition. Over Byfield's objection, Mitchell then testified that he asked Byfield whether there was a .45 caliber handgun in the vehicle, and Byfield responded that the .45 caliber handgun "had been previously taken by the Kansas City Police Department."
 
 
 8
 On appeal, Byfield argues that the evidence of the prior seizure of the gun is inadmissible under Rule 404(b) of the Federal Rules of Evidence, which states in part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Byfield also argues that the evidence was inadmissible under Rule 403 of the Federal Rules of Evidence because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice. The trial court's decision to admit the testimony is reviewed under an abuse of discretion standard. United States v. Suntar Roofing, Inc., 897 F.2d 469, 479 (10th Cir.1990).
 
 
 9
 In United States v. Record, 873 F.2d 1363 (10th Cir.1989), we noted that Rule 404(b) applies only to "evidence of acts extrinsic to the charged crime." Id. at 1372 n. 5 (citing United States v. Orr, 864 F.2d 1505, 1510 (10th Cir.1988)). An act is not extrinsic if it is " 'inextricably intertwined' with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.' " Id. (quoting United States v. Richardson, 764 F.2d 1514, 1521-22 (11th Cir.), cert. denied, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985)). See also United States v. Foster, 889 F.2d 1049, 1053 (11th Cir.1989) (inextricably intertwined evidence that is " 'an integral and natural part of the witnesses' accounts of the circumstances surrounding the offenses for which the defendant was indicted' " is not extrinsic evidence and Rule 404(b) does not apply) (citations omitted).
 
 
 10
 The record makes clear that Deputy Sheriff Vetere's testimony about the .45 caliber handgun was an integral and natural part of his account of the circumstances surrounding the offenses for which Byfield is charged. Deputy Sheriff Vetere was testifying as to the weapons found on Byfield and within Byfield's car. Vetere also was testifying as to the sequence of events that led up to the discovery of the cocaine in the trunk. Vetere testified that he saw a long "clip" on the floorboard of the driver's seat that appeared to be ammunition for some kind of rifle. Vetere pulled the clip out of the car and asked Byfield where the firearm was. Byfield responded that it was in the black bag in the back seat. Vetere found an unloaded 9 millimeter assault rifle in the black bag. Vetere testified that the clip he pulled from the front floorboard was the ammunition that fit with the assault rifle. Vetere's search of the black bag also revealed a fully loaded .38 caliber revolver and ammunition for a .45 caliber handgun. Vetere inquired about the location of the .45 caliber handgun while he was in the process of locating and securing all concealed weapons which Byfield may have had. After Byfield responded that the .45 caliber pistol had been taken by the police in Kansas City, Vetere placed Byfield in the back of the patrol car and Vetere proceeded to search the trunk.
 
 
 11
 We find that the evidence of the prior seizure of the .45 caliber handgun was "inextricably intertwined" with Deputy Sheriff Vetere's account of the circumstances surrounding the offenses with which Byfield is charged. The jury was aware that Vetere's discovery of the clip of ammunition on the front floorboard led Vetere to inquire about, and discover, the weapon that fit that ammunition. Vetere had also informed the jury that he discovered some .45 caliber ammunition, but no .45 caliber gun. We find that Vetere testified about the .45 caliber gun as an integral and natural part of his account of the circumstances surrounding the offenses for which Byfield was indicted. Indeed, if the testimony had been excluded, Vetere's testimony would have been incomplete, and the jury might have been confused as to why Vetere did not ask about the location of the .45 caliber gun, just as he had asked about the location of the rifle that fit the clip of ammunition.
 
 
 12
 Even if we were to analyze this evidence under Rule 404(b), we find that the admission of this evidence does not violate Rule 404(b). Protection against undue prejudice is presumed if the evidence meets these four requirements: "(1) the evidence is offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that the evidence of similar acts is to be considered only for the proper purpose for which it was admitted." United States v. Jefferson, 925 F.2d 1242, 1258 (10th Cir.1991) (citing to United States v. Record, 873 F.2d 1363, 1374 (10th Cir.1989) (applying the Supreme Court's analysis from Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988))). In Record, we endorsed the inclusive approach to the admission of Rule 404(b) evidence taken by United States v. Nolan, 551 F.2d 266 (10th Cir.), cert. denied, 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191 (1977). Under this inclusive approach, we "allow the admission of uncharged illegal acts unless the only purpose for their admission is to prove the criminal disposition of the defendant." Nolan, 551 F.2d at 271.
 
 
 13
 On the basis of the record established at trial, we find that the trial court's decision to admit testimony regarding the .45 caliber pistol satisfies the four requirements set out in Huddleston. First, there is no indication that the evidence was offered to prove any criminal disposition on the part of Byfield. At trial, the government argued that the evidence related to establishing the contraband found at the scene and that the statement was made by Byfield while the officer was in the process of looking for additional weapons. As discussed above, the evidence of the .45 caliber pistol was an integral and natural part of Deputy Sheriff Vetere's account of the circumstances surrounding the offenses for which Byfield was indicted. We find that this purpose of admitting evidence satisfies Rule 404(b). See United States v. Aleman, 592 F.2d 881, 885-86 (5th Cir.1979) (404(b) test satisfied by evidence that was not introduced on the issue of character, but was introduced because it was integral and natural part of witness' account of circumstances surrounding the offenses charged). Although the trial court failed to identify the specific purpose for which the evidence was being admitted, as required by United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir.1985), cert. denied, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986), we find this error to be harmless because the record reflects the decision to admit was proper. See Record, 873 F.2d at 1375 n. 7.
 
 
 14
 Second, Vetere's testimony was relevant to establish the evidence found at the scene of the arrest. United States v. Masters, 801 F.2d 1437, 1444 (4th Cir.1986) (evidence that "serve[s] to 'complete the story of the crime on trial by proving its immediate context of happenings near in time and place' " is relevant and therefore admissible), cert. denied, 480 U.S. 938 (1987) (citations omitted). See also Weinstein's Evidence § 401 (1991) ("Evidence that serves as background information about persons, subjects or things in a trial is generally admissible although it may not relate to a consequential fact.").
 
 
 15
 Third, we cannot say that the trial judge abused his discretion when he determined that the evidence was "more probative than prejudicial." The trial judge has broad discretion to determine whether the probative value of otherwise relevant evidence is outweighed by possible undue prejudice. Record, 873 F.2d at 1375.
 
 
 16
 Fourth, we find no evidence in the record that the defendant requested a limiting instruction. "It is not error for the trial court to fail to instruct the jury at the close of the case in the absence of a proper request by counsel." Record, 873 F.2d at 1376 (citations omitted).
 
 
 17
 In sum, we hold that the evidence regarding the seizure of the .45 caliber handgun was "inextricably intertwined" with Deputy Sheriff Vetere's testimony regarding Byfield's arrest for the crimes for which he is charged. Even if the evidence of the seizure of the handgun was not "inextricably intertwined" with Vetere's testimony, we find that the trial judge did not abuse his discretion in admitting the 404(b) testimony into evidence.
 
 
 18
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3