**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael R. CRABB, Defendant–Appellant.**

**No. 90–8106.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1991.

Rehearing Denied Feb. 11, 1992.

James H. Barrett, Esq., Cheyenne, Wyo., for defendant-appellant.

David A. Kubichek, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., with him, on the brief), D. of Wyo., Casper, Wyo., for plaintiff-appellee.

Before McKAY, Chief Judge, LOGAN, Circuit Judge, and SAM,* District Judge.

McKAY, Chief Judge.

Defendant Michael R. Crabb appeals from the district court's denial of a motion to suppress evidence gathered in a warrantless vehicle search. At issue is whether law enforcement officials are constitutionally required to obtain a warrant before searching a vehicle which they have probable cause to believe contains contraband.

Law enforcement officials received a tip from a Drug Enforcement Administration (DEA) informant that a U–Haul truck on its way through Wyoming contained chemicals and glassware for the manufacture of amphetamine. Acting on the tip, three Wyoming Highway Patrol officers found Michael R. Crabb in possession of the described truck at a motel in Rock Springs, Wyoming. The officers questioned Mr. Crabb, who gave them permission to look inside his motel room and the truck cab. He denied them permission to look in the

---

* Honorable David Sam, United States District Judge for the District of Utah, sitting by designa-     tion.

cargo area of the truck, saying that he did not have a key to its padlock. The officers found nothing incriminating in their search, but they noted an "ether-like" odor emanating from the truck. Approximately thirty minutes later, two special agents from the Wyoming Division of Criminal Investigation (DCI) arrived and read Mr. Crabb his *Miranda* rights. Agents stayed with Mr. Crabb in his motel room until another DCI special agent and a DEA agent arrived three hours later. The Assistant United States Attorney advised the agents by telephone that because they had probable cause to believe that the truck contained contraband, they could search the truck without obtaining a warrant. Several hours later, when DEA experts on hazardous materials and clandestine laboratories arrived, officers cut through the lock on the back of the truck, searched the cargo area, and discovered the contraband.

The DCI and DEA agents based their decision not to apply for a search warrant on the prosecutor's interpretation of the vehicle exception to the warrant requirement of the Fourth Amendment. There were neither exigent circumstances nor practical barriers to obtaining a warrant. The agents, relying solely on the prosecutor's advice and their collective estimation of probable cause for the search, simply chose not to apply for a warrant.

The district court examined the totality of the circumstances as required under *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and concluded that probable cause existed to stop Mr. Crabb and to believe that the truck contained contraband. We agree with this conclusion.

The issue, then, is stark: Given probable cause to believe that a vehicle contains contraband, does the Constitution require law enforcement agents to obtain a warrant before searching the vehicle? Opinions from the Supreme Court and this circuit suggest not. *United States v. Johns*, 469 U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890 (1985); *Florida v. Meyers*, 466 U.S. 380, 382, 104 S.Ct. 1852, 1853, 80 L.Ed.2d 381 (1984) (per curiam); *Michigan*

*v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 3080, 73 L.Ed.2d 750 (1982) (per curiam); *United States v. Swingler*, 758 F.2d 477, 489–90 (10th Cir.1985). The cited cases indicate that the agents' time and opportunity to obtain a warrant are irrelevant, as constitutional analysis ends with finding probable cause. We thus conclude that the warrantless search in this case was not illegal.

The district court's denial of the motion to suppress evidence is AFFIRMED.