982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo Dow JENNINGS, Defendant-Appellant.
 No. 90-4043.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Lorenzo Dow Jennings was convicted of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and using or carrying firearms in drug trafficking, in violation of 18 U.S.C. § 924(c). The sole issue he raises in this appeal is whether the district court erred in denying his motion to suppress drugs and firearms found during a search of his vehicle. We conclude there was probable cause to search his vehicle and, accordingly, affirm his conviction.
 
 
 3
 Sometime between noon and 4:30 p.m. on July 19, 1989, officers of the Ogden City Police Department obtained a warrant to search the residence of Karen Durham. At about 7:00 p.m. that day, an informant who was wired for sound went to the Durham residence to purchase methamphetamine. Durham sold him some of the drug, but told him to come back to her house later that night because she would have a larger quantity of the drug around 10:00 p.m.
 
 
 4
 The officers executed the search warrant between 9:00 and 10:00 p.m. that night. They found some methamphetamine in syringes and in Durham's bedroom. At approximately 10:55 p.m., a Chevrolet El Camino pulled into Durham's driveway. Defendant and another individual exited the vehicle. Police Officer Shane Minor and Lieutenant Steven Turner approached the individuals. Both officers recognized defendant. Minor patted him down for weapons, and found a large amount of money and a folding pocket knife in his pockets. The officers then searched the vehicle and found two firearms and drugs.
 
 
 5
 Defendant moved to suppress the drugs and firearms. The following undisputed evidence was presented in response to the motion. Officer Minor had received information in November 1988 from an informant that defendant was manufacturing and selling methamphetamine. An informant took Minor to defendant's trailer in November 1988 and pointed out Durham's trailer in the same trailer court. Minor learned that defendant and Durham had dealt methamphetamine together. In December 1988, the same informant attempted to purchase methamphetamine from defendant. Defendant told the informant he did not have any drugs at the time and advised the informant to come back later.
 
 
 6
 In January 1989, Minor received information that defendant went to California to pick up chemicals to manufacture methamphetamine. Minor obtained search warrants for defendant's colleague's residence and business and found documents indicating that the colleague was purchasing items from defendant for drugs. At the same time, the colleague's girlfriend told Minor defendant was selling drugs.
 
 
 7
 In March 1989, Minor was contacted by another informant who told him that defendant was supplying an individual with methamphetamine and was observed trying to mix methamphetamine. Minor received information in May 1989 that defendant and another individual had recently made a batch of methamphetamine in Wyoming and brought it back to Ogden.
 
 
 8
 Minor received a report from the Ada County, Idaho, Sheriff's Department on July 18, 1989, that defendant had been in the Boise area driving a Corvette. Defendant reportedly had a large amount of methamphetamine that he was trying to sell, and was returning to Ogden with it because he could not sell it. Minor knew that defendant drove several different vehicles.
 
 
 9
 Minor knew that Durham had distributed methamphetamine on July 19 as well as at least on one other occasion. However, he did not know where she was getting the drug. He had no information that defendant would be on Durham's premises on July 19. Turner learned in October or November 1988 from his own informant that defendant was manufacturing methamphetamine.
 
 
 10
 Based on the foregoing evidence, the district court concluded the officers had probable cause to search the vehicle, and denied the motion to suppress. On review of a denial of a motion to suppress, we uphold the district court's findings of fact unless they are clearly erroneous. United States v. Butler, 904 F.2d 1482, 1484 (10th Cir.1990). The ultimate determination of whether the search was reasonable is a conclusion of law that we review de novo. Id.
 
 
 11
 The Constitution does not require law enforcement agents to obtain a warrant to search a vehicle, given probable cause to believe the vehicle contains contraband, even absent exigent circumstances or practical barriers to obtaining a warrant. See California v. Carney, 471 U.S. 386, 390 (1985); United States v. Crabb, 952 F.2d 1245, 1246 (10th Cir.1991), cert. denied, 112 S.Ct.1981 (1992). Moreover, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982).
 
 
 12
 The only question here is whether the officers had probable cause to search defendant's vehicle. We conclude they did. The same facts that would justify issuance of a warrant will allow a warrantless search of a vehicle. Id. at 809. Probable cause for issuance of a warrant exists if there is "[a] 'fair probability' or a 'substantial basis' for believing evidence of a crime will be found at a certain location." United States v. Orr, 864 F.2d 1505, 1508 (10th Cir.1988) (quoting Illinois v. Gates, 462 U.S. 213, 236, 238 (1983)).
 
 
 13
 Minor and Turner had received reports since November 1988 that defendant was involved in the manufacture and sale of drugs. They received information the day before the search that he was in Idaho trying to sell a large amount of drugs, and was returning to Ogden with the drugs because he had been unable to do so. They knew that he and Durham had dealt drugs together. They knew that Durham planned to have available a large quantity of drugs after 10:00 p.m. Defendant arrived at her house at 10:55 p.m.
 
 
 14
 It is irrelevant that defendant was seen in Idaho in a Corvette rather than an El Camino as both officers knew that defendant drove several different vehicles. It is also beside the point that no officer personally observed defendant manufacturing or selling drugs, and that no informants actually purchased drugs from defendant. The officers had received information from informants who observed defendant manufacturing drugs. These informants reported that defendant was selling drugs. Defendant told one informant who wanted to purchase drugs to come back later. Although Durham had not identified the source of her delivery, probable cause "deals with probabilities and common sense conclusions, not certainties." Id. It was probable and a common sense conclusion that defendant was the source of those drugs.
 
 
 15
 Given our conclusion, we need not address whether the warrant authorized the search. The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3