**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL C. EDWARDS,

Defendant-Appellant.

No. 01-3216
(D.C. No. 99-10075-01-MLB)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Daniel C. Edwards, a state prisoner appearing pro se, appeals the district court's denial of his Motion to Modify Term of Imprisonment under 18 U.S.C. § 3582(c)(2). For the reasons set out below, we dismiss the appeal.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On July 15, 1999, a Grand Jury returned a one count indictment against Mr. Edwards for bank robbery by force or violence, a violation of 18 U.S.C. §§ 2113(a) & (d). He pled guilty under section 2113(a). The district court sentenced him under U.S.S.G. § 2B3.1, the section that determines sentences for robbery generally. Section 2B3.1(a) establishes a base offense level of 20. *Id.* The court added two points under section 2B3.1(b)(1) because the offense involved the property of a financial institution. The court added another five points under section 2B3.1(b)(2)(C) because Mr. Edwards brandished a firearm in the course of the offense. After receiving a three point reduction for acceptance of responsibility, Mr. Edwards' total offense level was 24. The court placed Mr. Edwards in criminal history level two. The sentencing range was thus 57 to 71 months. The court imposed a sentence of 57 months.

Although he waived his right to appeal as part of the plea agreement, Mr. Edwards filed a Motion to Modify Term of Imprisonment under 18 U.S.C. § 3582(c). First, he contended his criminal history was miscalculated, specifically that the court erred in giving him a level two criminal history based upon a 1995 deferred sentence in Oklahoma. Second, he argued that based upon the rationale underlying Amendment 599 to the Sentencing Guidelines, the district court erred in adding two points to his offense level under section 2B3.1(b)(1). He asserts that because he was charged with bank robbery and a bank is ipso facto a

financial institution, the offense level for bank robbery is necessarily included in the statute of conviction. Thus, he says, adding two points constituted double counting. The court dismissed the Motion but ruled only on Mr. Edwards' second claim. Mr. Edwards filed a Motion Requesting Rehearing, specifically requesting that the court address the issue of alleged miscalculation of his criminal history. In a subsequent order the court again failed to do so. Mr. Edwards now appeals.

On appeal, Mr. Edwards maintains the district court miscalculated his criminal history, erred in enhancing his offense level by two points for robbery of a financial institution under guideline section 2B3.1(b)(1), and erred in enhancing his offense level by five points for brandishing a firearm in the commission of the crime.

Mr. Edwards rightly contends that the district court never ruled on his claim that the court miscalculated his criminal history. However, the claim could not be brought as part of Mr. Edwards' section 3582(c) motion. Section 3582(c)(2) allows a court to modify a term of imprisonment only in cases where the sentencing range under which a person was originally sentenced has been subsequently lowered pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2). Thus, the district court could not properly have reached the merits.

Next, Mr. Edwards argues that the court erred in enhancing his offense level for robbing a financial institution because such enhancement constituted

"double counting." We give due deference to the district court's application of the guidelines to the facts and review the application of the guidelines de novo. *United States v. Havens*, 910 F.2d 703, 704 (10th Cir. 1990); *see also* 18 U.S.C. § 3742(e). Mr. Edwards maintains that the district court should have applied the logic of Amendment 599 of the sentencing guidelines to his case and thus not enhanced his offense level by two points under section 2B3.1(b)(1).

Amendment 599 was aimed at remedying the problem of "double counting" when applying guideline section 2K2.4 in conjunction with statutes that carry within them penalty enhancements for the possession, brandishing, use or discharge of an explosive or firearm in the commission of a crime. U.S.S.G. App. C, amend. 599 (Supp. 2000). Mr. Edwards maintains that the rationale underlying the amendment should have been applied by analogy in his case. This argument holds no water.

Section 2113(a) does deal with the crime of bank robbery, but the statute does not include penalty enhancements. It merely sets a maximum sentence. The guidelines provide for application of section 2B3.1 in sentencing people convicted under 2113(a). Section 2B3.1 deals with all types of robbery, not just the robbery of financial institutions. Points are then added to the base offense level for specific offense characteristics, such as the taking or attempted taking of the property of a financial institution. There is no double counting problem here.

In a similar vein, but for the first time on appeal, Mr. Edwards makes a double counting claim relating to the five point enhancement for brandishing a firearm in the commission of the robbery. We generally do not rule on issues not raised in the district court, when, as here, the appellant cannot show an impediment that precluded his raising the issue, *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988), "unless the ground not raised constitutes 'plain error resulting in manifest injustice.'" *Id.* (quoting *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir. 1986)). We thus review this claim for plain error.

Section 2113(a), under which Mr. Edwards was sentenced, neither mentions use of a firearm, nor provides for a penalty enhancement for use of such in a bank robbery. The penalty enhancement is found only in the sentencing guideline. Thus, there is no double counting here either. Amendment 599's anti-double counting logic no more applies to this question than it does to the issue discussed *supra*. The court's addition of a five point enhancement for possession of a firearm did not constitute error, much less plain error.

We **AFFIRM** the judgment of the district court denying Mr. Edwards' motion to modify his sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge