**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 1, 2006**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MANUEL RAMIREZ-JIMENEZ,

    Defendant-Appellant.

No. 05-1291
(D. Colo.)
(D.Ct. No. 04-CR-58 RB)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Manuel Ramirez-Jimenez pled guilty to illegal reentry into the

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He now appeals his forty-one-month sentence, contending his sentence is unreasonable under 18 U.S.C. § 3553(a) due to the district court's failure to: 1) properly consider the mitigation evidence he presented; 2) articulate the factors in § 3553 on which it relied in sentencing; and 3) consider the disparity of his sentence with that of another individual with more prior convictions. He further appeals, claiming the district court impermissibly "double counted" his prior conviction under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2 in calculating both his offense level and criminal history. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Ramirez-Jimenez's conviction and sentence.

On April 1, 2005, Mr. Ramirez-Jimenez pled guilty to illegal reentry into the United States of a deported alien previously convicted of an aggravated felony. Following his guilty plea, a probation officer prepared a presentence report, calculating his base offense level at eight under U.S.S.G. § 2L1.2(a), and applying a sixteen-level upward adjustment based on his prior conviction relating to a felony drug trafficking offense for which the sentence imposed exceeded thirteen months, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).[1] After applying a three-

_____

[1] Mr. Ramirez-Jimenez first pled guilty to one count of possession of marijuana with intent to distribute and one count of possession of cocaine with

(continued...)

level downward adjustment for acceptance of responsibility and factoring in Mr. Ramirez-Jimenez's criminal history at Category II, the probation officer calculated his sentencing range at forty-one to fifty-one months imprisonment. However, based on the fact Mr. Ramirez-Jimenez lived in the United States for more than twenty-five years and illegally returned to the United States for the sole purpose of caring for his two children, the probation officer recommended a sentence of only twenty-two months imprisonment.

Mr. Ramirez-Jimenez did not file any written objections to the presentence report. However, one day before the sentencing hearing, he filed a motion for downward departure, noting he did not object to the Guidelines calculation in the presentence report, but was requesting a reduction of his sentence below the advisory Guidelines range based on mitigating circumstances. In support of his motion, Mr. Ramirez-Jimenez's attorney argued a reduction was warranted based on: 1) cultural assimilation grounds, given he lived in the United States over half his lifetime; 2) his reentry into the United States for the laudable purpose of

---

[1](...continued)
intent to distribute, which resulted in a sentence of ten months imprisonment and three years supervised release; but proceeded to trial on one count of carrying a firearm in relation to a drug trafficking offense. When Mr. Ramirez-Jimenez later waived his right to a jury trial on the third count of carrying a firearm in relation to a drug trafficking offense and pled guilty, he received a sixty-month sentence, and the other two sentences for the drug trafficking counts were reduced to six months imprisonment.

caring for his children, who are United States citizens; 3) his long-time adherence to the laws of the United States, with the exception of his prior conviction; 4) the fact a sentence of time already served would be consistent with other sentences for similar offenders; and 5) the fact his plea agreement entered into during prosecution of his prior offense was conditioned, in part, on the United States government's promise to assist him in remaining in this country in exchange for his help in the investigation and prosecution of others, but that the government never fulfilled its promise.

In making these arguments at the sentencing hearing, Mr. Ramirez-Jimenez's attorney stated Mr. Ramirez-Jimenez was not collaterally attacking his prior conviction but bringing the issue up in order to apprise the court of his assistance to the government during his prior conviction. When the district court asked how the matter fit within the 18 U.S.C. §3553(a) factors, his counsel explained it showed Mr. Ramirez-Jimenez's extreme helpfulness to law enforcement and "that's as far as it goes." After Mr. Ramirez-Jimenez's counsel suggested his prior single wrongful act committed many years ago should not continue to blight his life, the district court noted double counting of the prior conviction in both the computation of the offense level and the criminal history category was lawful, to which Mr. Ramirez-Jimenez's counsel stated, "I am not arguing with the fact that the guidelines don't properly take that into

consideration, the fact that it is a double penalty, but what I am arguing, your Honor, is the larger context of [Mr. Ramirez-Jimenez's] life." Mr. Ramirez-Jimenez's attorney then pointed out Mr. Ramirez-Jimenez had "been law abiding," and only committed the offense of illegal reentry to provide for his children. Finally, Mr. Ramirez-Jimenez's counsel complained about the disparity of his sentence as compared to at least one other defendant in another case presided over by a different judge in which the defendant received forty-one months imprisonment even though he had a more egregious criminal history of three prior offenses, including sexual assault.[2]

In rendering the sentence, the district court exhaustively articulated the relevant matters of fact and law it considered, including the plea agreement of the parties; the nature and circumstances of the offense, "focusing on its real conduct," as required by the court in *United States v. Booker*[3]; Mr. Ramirez-Jimenez's history and characteristics; the sentence permitted by law under 18 U.S.C. § 3551; the presentence report and addendum; the purposes and goals of sentencing under 18 U.S.C. § 3553; the factors which must be considered under

_____

[2] The government cursorily explained it did not oppose the motion for downward departure, given the initial prosecutor in the case resigned his position and left no documentation as to whether an agreement was entered into concerning time Mr. Ramirez-Jimenez had already served in custody.

[3] 543 U.S. 220 (2005).

18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7); the applicable provisions of the advisory Guidelines; the kind of sentence and sentencing range established thereunder, together with § 3553(a)(4); the important need to avoid unwarranted sentencing disparities and to ensure similar sentences for those committing similar crimes; the pertinent policy statements of the United States Sentencing Commission; the critical need to impose sentences under § 3553(a)(2) to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence by protecting the public from further crimes committed by the defendant or other defendants similarly situated and inclined, and provide needed educational or vocational training or other correctional treatment; the Congressional goal of fairness and uniformity in sentencing and the principle under § 3553(a) of imposing a sentence sufficient but not greater than necessary to achieve those goals; the positions of the probation department, the government, defense counsel, and the defendant himself; the motion for downward departure based on cultural assimilation grounds; and the authorities cited by the parties in their arguments to the court.

Next, the district court articulated why a sentence at the bottom of the Guidelines range at forty-one months would meet these factors and other relevant criteria it considered. The district court explicitly stated that while it had discretion to depart from the advisory Guidelines range, no good cause or reason

existed and noted Mr. Ramirez-Jimenez committed a serious offense and then entered the country illegally while on supervised release, demonstrating he learned nothing from his experience. The district court also stated the advisory Guidelines logically and fairly applied to Mr. Ramirez-Jimenez and his circumstance, and explained a forty-one-month sentence at the bottom of the Guidelines range would avoid unwarranted sentencing disparities in ensuring similar sentences for those who commit similar crimes in similar ways. The district court further explained it imposed a forty-one-month sentence in a case "almost on all fours" with Mr. Ramirez-Jimenez's case only the week before. In addition, the district court re-articulated the other sentencing factors in § 3553(a), pointing out, in part, that a forty-one-month sentence in this case would promote respect for the law, provide just punishment for the offense, hopefully afford adequate deterrence by protecting the public from Mr. Ramirez-Jimenez or other defendants similarly situated and inclined to commit further crimes, and provide Mr. Ramirez-Jimenez with needed vocational training or other correctional treatment. While the district court noted Mr. Ramirez-Jimenez's love and concern for his children were admirable, it questioned where his love and concern for his children were at the time he committed the prior drug-related felony offense. Finally, the district court discounted Mr. Ramirez-Jimenez's argument mitigation was warranted because he lived a law-abiding life in this country for an extended period of time, pointing out abiding the law is a minimum

requirement of all persons in this country.  The district court then denied Mr.

Ramirez-Jimenez's motion and sentenced him to forty-one months imprisonment.

On appeal, Mr. Ramirez-Jimenez continues to argue his sentence is

unreasonable under § 3553 because of the mitigation evidence he presented and

the fact his sentence is dissimilar to at least one defendant sentenced in another

case.  Astonishingly, he also contends the district court failed "to articulate the

factors upon which it relied for sentencing under 18 U.S.C. § 3553(a)."  For the

first time on appeal, Mr. Ramirez-Jimenez also claims the district court erred "by

rejecting any consideration of 'double counting' which resulted in unwarranted

sentencing disparities."  Thus, while Mr. Ramirez-Jimenez's counsel repeatedly

represented Mr. Ramirez-Jimenez did not object to the Guidelines calculation of

forty-one to fifty-one months imprisonment, he is now claiming the district court

impermissibly double counted his prior conviction, which resulted in the

sentencing disparity he claims.[4]

While we recognize the Guidelines are now advisory rather than mandatory

---

[4] In its arguments in response to Mr. Ramirez-Jimenez's appeal, the
government suggests he untimely filed his appeal.  We disagree.  The district
court docket shows the criminal judgment was entered June 13, 2005.  The date of
entry is the beginning point for when the time period begins to run.  *See* Fed. R.
App. P. 4(b)(6).  The ten-day filing deadline expired June 27, 2005.  *See* Fed. R.
App. P. 4(b)(1)(A) and 26(a)(2).  Because Mr. Ramirez-Jimenez filed his appeal
on June 21, 2005, it was timely filed before the expiration of the filing deadline.

under the principles announced in *Booker*, they continue to be a factor the district court must consider in imposing a sentence. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Since *Booker*, we review for reasonableness the ultimate sentence imposed. *Id.* We require reasonableness in two respects – "the length of the sentence, as well as the *method* by which the sentence was calculated." *Id.* at 1055. If the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* In determining whether the district court properly considered the applicable Guidelines range, we review its legal conclusions de novo and its factual findings for clear error. *Id.* at 1054.

We begin with Mr. Ramirez-Jimenez's double counting argument. He did not raise the issue before the district court, although the district court itself briefly referred to the lawfulness of double counting at the sentencing hearing. We have long declined to rule on issues not raised in the district court when the defendant cannot show an impediment precluded his raising the issue or that the ground not raised constituted plain error resulting in manifest injustice. *See United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988). However, even if we considered the issue in this case, the application note to § 2L1.2 of the Guidelines

expressly states "[a] conviction taken into account under subsection (b)(1) [i.e., for drug trafficking crimes] is not excluded from consideration of whether that conviction receives criminal history points ...." *See* cmt. n.6. We have generally upheld the use of prior convictions to calculate both criminal history categories and sentence enhancements where the Guidelines permit such application, and Mr. Ramirez-Jimenez's argument does not persuade us we should question our clear and long-held precedent. *See United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir. 1990). Moreover, while this circuit has not directly considered whether § 2L1.2 allows impermissible double counting in a published opinion, other circuits have addressed Mr. Ramirez-Jimenez's argument and soundly rejected it because the application note to § 2L1.2 expressly allows a sixteen-level enhancement in addition to criminal history points for such a conviction. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 312-13 (6th Cir. 2006); *United States v. Martinez*, 434 F.3d 1318, 1323 n.4 (11th Cir.), *cert. denied*, 126 S. Ct. 2946 (2006); *United States v. Torres-Echavarria*, 129 F.3d 692, 698-99 (2d Cir. 1997). Under these circumstances, it was not unreasonable for the district court to defer to § 2L1.2 and its application note and follow the same approach of using Mr. Ramirez-Jimenez's prior offense to both calculate his criminal history points and enhance his offense level. Because § 2L1.2 pertains to like offenders who illegally reenter the United States after deportation and conviction for an

aggravated felony, Mr. Ramirez-Jimenez has not established the district court erred "by rejecting any consideration of 'double counting' which resulted in unwarranted sentencing disparities."

We next proceed to Mr. Ramirez-Jimenez's other arguments supporting his claim his sentence is unreasonable because circumstances warrant a reduction below the Guidelines range. In this case, after thoroughly considering the sentencing factors in 18 U.S.C. § 3553, as well as the applicable Guidelines, the facts of the case, Mr. Ramirez-Jimenez's criminal history, and other relevant criteria, the district court refused to depart downward and concluded a forty-one-month sentence "logically and fairly applied" to Mr. Ramirez-Jimenez "in his circumstances." Given the district court "properly consider[ed] the relevant Guidelines range and sentence[d] the defendant within that range, the sentence is presumptively reasonable," and it is up to Mr. Ramirez-Jimenez to rebut this presumption by demonstrating his sentence is "unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1055.

In this case, Mr. Ramirez-Jimenez has not shown why he should be treated differently than others who, like him, illegally reentered the country after conviction for a serious felony drug trafficking offense and were sentenced within the applicable Guidelines range. First, the Guidelines clearly advise "family ties

and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," U.S.S.G. § 5H1.6, and we have determined family responsibilities are a discouraged factor which the district court should consider only in the most extraordinary cases. *See United States v. McClatchey*, 316 F.3d 1122, 1130 (10th Cir. 2003). Similarly, his argument he abided by our laws during his stay in the United States is essentially an aberrant behavior argument under U.S.S.G. § 5K2.20, which recommends a sentence outside of the Guidelines range where the defendant lived an otherwise law-abiding life, other than commission of the instant crime. *See* U.S.S.G. § 5K2.20(b). However, the same Guidelines section advises aberrant behavior should not be considered if the defendant, like here, has a prior federal felony conviction. *See* U.S.S.G. § 5K2.20(c)(4). Under the circumstances presented and the applicable law, it was not unreasonable for the district court to determine a sentence imposed at the bottom of the applicable Guidelines range sufficiently reflected the factors in § 3553, and Mr. Ramirez-Jimenez has not otherwise demonstrated his sentence is unreasonable.

Next, Mr. Ramirez-Jimenez's verbal example of another defendant in a different case who received the same sentence but allegedly possessed a more egregious criminal history is not enough to establish disparity of sentencing in this case for the purpose of showing Mr. Ramirez-Jimenez's sentence is

-12-

unreasonable. First, we have held that "[w]hile similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record." *United States v. Davis*, 437 F.3d 989, 997 (10th Cir.) (quotation marks and citation omitted), *cert. denied*, 126 S. Ct. 1935 (2006). In this case, Mr. Ramirez-Jimenez has failed to identify the characteristics of the other defendant, provide an account of his instant offense and each of his prior offenses, identify his total criminal history score, or otherwise present sufficient facts surrounding that defendant's record for the purpose of using his sentence as an equivalent comparison with Mr. Ramirez-Jimenez's sentence.

In addition, consideration of sentencing disparities among defendants with similar records found guilty of similar conduct is but one of several factors under § 3553(a) for a court to consider in determining a reasonable sentence. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1131 (10th Cir. 2005). In this case, the district court considered the disparity of sentencing factors, together with the other factors in § 3553(a), and was not required to single out or assign more weight to that factor than any other factor. Finally, given Mr. Ramirez-Jimenez's sentence is at the low end of the presumptively reasonable Guidelines range, and the district court in this case carefully considered and rejected the disparity of sentencing issue presented and, in fact, provided an explicit example

-13-

of a forty-one-month sentence it imposed in a case "almost on all fours" with Mr. Ramirez-Jimenez's, we have no cause to conclude the sentence is unreasonable for disparity of sentencing purposes.

For these reasons, we **AFFIRM** Mr. Ramirez-Jimenez's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge