**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arvle Edgar MEDLIN,**
**Defendant-Appellant.**

No. 84–2568.

United States Court of Appeals,
Tenth Circuit.

Aug. 11, 1986.

David E. O'Meilia and Don E. Gasaway, Tulsa, Okl., for defendant-appellant.

Layn R. Phillips, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

Defendant, Arvle Edgar Medlin, entered a conditional guilty plea to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(h)(1) and 924(a), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). He reserved the right to appeal the denial of his motion to suppress firearms seized under a search warrant. *See* Fed.R. Crim.P. 11(a)(2). The issues on appeal concern the validity of the search warrant and its execution, especially in view of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

On July 24, 1984, a United States magistrate issued a search warrant to agents of the Bureau of Alcohol, Tobacco and Firearms (BATF) to search Medlin's home. The search warrant, after describing the home, authorized the seizure of "firearms —illegally possessed by Arvle Edgar Medlin, and/or stolen firearms, records of the purchase or sale of such firearms by Medlin, which are fruits, evidence and instrumentalities of violation of Title 18, United States Code, Sections 922(h)(1); 922(a)(1); 922(j) and 924(a)." R. I, 15. The warrant was issued on the basis of an affidavit by BATF agent Samuel N. Evans. Evans' affidavit stated that a confidential informant had reported to him on July 23, 1984, that the informant had sold approximately thirty stolen guns to a man known as "Tiny" on numerous occasions since June or July 1983. The last sale had occurred on June 16 or 17, 1984. Evans stated that this informant previously had provided reliable information that led to the arrest of two persons. The informant identified a photo of Medlin as the man to whom he had sold the stolen guns. Evans had ascertained that Medlin previously had been convicted of the federal felony of dealing in firearms without a license. Finally, Evans also asserted that his investigation had revealed that Medlin had no place of business and that he believed the guns were at Medlin's home.

On the same day the warrant was issued, BATF agents and local police officers searched Medlin's home. The BATF agents seized numerous guns; in addition, the local police apparently seized other items, including jewelry, furs, cameras, tools, sporting goods, and stereo and video equipment. No items other than the guns were used in Medlin's trial in this case.

Following a hearing, the district court denied Medlin's motion to suppress the guns, finding that the warrant was facially sufficient and that there was probable cause for its issuance. We affirm the district court's decision on the basis of *Leon* but remand for an evidentiary hearing on whether the seizure of items not named in the warrant requires suppression of all the fruits of the search.

I

Medlin attacks the warrant on the following grounds: (1) the goods to be seized were not described sufficiently; (2) the underlying information was stale; (3) there

was insufficient grounds for believing the contraband was in defendant's home; and (4) there was no probable cause for believing the existence of the grounds on which the search warrant was issued. We need not analyze each of these contentions in terms of whether the magistrate should have issued the search warrant. We assume, for purposes of analysis, that this is a case in which an appellate court, after careful reflection, would be hard pressed to determine whether probable cause existed. In such a case the good-faith principles established in *Leon*, 468 U.S. at 922–25, 104 S.Ct. at 3412 come into play directly.

In *Leon* the Supreme Court held that the exclusionary rule would not apply when an officer acted "in objectively reasonable reliance on a subsequently invalidated search warrant...." 468 U.S. at 922, 104 S.Ct. at 3421. The Court, emphasizing that the exclusionary rule is aimed at deterring police rather than judicial misconduct, reasoned that excluding evidence seized in good-faith reliance on a search warrant would not deter police misconduct. *Id.* at 916–22, 104 S.Ct. at 3418–20. The Court mandated that the exclusionary rule be invoked only in those "unusual" cases in which its purposes would be served, i.e., in which it would deter police misconduct. *Id.* at 922, 104 S.Ct. at 3419.

*Leon* set out four situations in which the exclusionary rule would still apply:

"(1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit (citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978));

(2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function (citing *Lo Ji. Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979));

(3) the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' (quoting *Brown v. Illinois*, 422 U.S. 590, 610–11, 95 S.Ct. 2254, 2265, 45 L.Ed.2d 416 (1975) (Powell, J., concurring)); or

(4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized (citing *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984))."

*United States v. Gant*, 759 F.2d 484, 487 (5th Cir), *cert. denied,* — U.S. ——, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985) (citing *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421). Medlin apparently contends that the warrant at issue here falls within exceptions (3) and (4). We disagree.

The agents' reliance on the magistrate's issuance of the warrant was objectively reasonable. First, the affidavit supporting the warrant was not "devoid" of facts. *See United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir.1985). Instead it contained a statement by a reliable informant that Medlin had purchased stolen weapons. This information was corroborated in part by the informant's identification of a photograph of Medlin and the police officer's determination that the telephone number the informant had for "Tiny" was registered in Medlin's name. In an analogous case, the Fifth Circuit concluded that police reliance on an affidavit containing information based on personal dealings between a reliable informant and a suspect was objectively reasonable, when the police also verified information concerning the suspect's residence. *United States v. Breckenridge*, 782 F.2d 1317, 1321 (5th Cir.1986).

Second, the agents apparently tried to discover if Medlin had a place of business where he might keep the weapons. When they discovered no such business, it was objectively reasonable for them to conclude that any weapons he might have would be at his residence. Courts frequently have relied on the expert opinion of officers in determining where contraband might be kept. *See United States v. Fama*, 758 F.2d 834, 838 (2d Cir.1985) (agent's expert opinion is factor contributing to objective good faith).

With respect to Medlin's staleness claim, we note that stolen weapons are not dis-

posed of so easily that it was unreasonable for the agents to believe the magistrate inferred Medlin would still possess them just one month after the alleged sale. This is especially true in light of the agents' determination that Medlin had no place of business through which he could dispose of the weapons.

■ Medlin also contends that the warrant was facially deficient. He argues that the description "firearms—illegally possessed by Arvle Edgar Medlin" is too general. The government responds to this argument by noting that there was probable cause to seize all Medlin's firearms because Medlin was an ex-felon and thus his possession of any firearms violated 18 U.S.C. § 922(h)(1). Medlin counters by arguing that the warrant itself did not include the language of 18 U.S.C. § 922(h)(1) or state that Medlin was an exfelon, and that, unless we are willing to presume the agents were familiar with the terms of the statute, they would not have known that all the firearms were subject to seizure.[1]

Although Medlin's argument is tenable, we believe the warrant commanded the agents simply to seize all firearms. Therefore the question is not whether the term "firearms" was too general, but whether there was probable cause supporting seizure of all weapons. Because Medlin was an ex-felon, his possession of any firearms was illegal. 18 U.S.C. § 922(h)(1). Thus there was probable cause supporting the generic description of "firearms" used in the warrant. *See United States v. Hershenow*, 680 F.2d 847, 852 (1st Cir.1982) ("all accident patient files" description sufficient because there was probable cause concerning all such files); *Voss v. Bergsgaard*, 774 F.2d 402, 408 (10th Cir.1985) (Logan, J., concurring) ("breadth of a warrant must be justified by the breadth of the probable cause."). Having concluded that the description in the warrant was constitutionally sufficient, Medlin's contention that the

officers could not have reasonably relied on the warrant must fail.

## II

Medlin also contends that the search the officers conducted substantially exceeded the scope of the warrant. This requires us to determine the effect on the search as a whole of the seizure by the local police of items not named in the warrant. Medlin correctly notes that *Leon* does not apply to issues of improper execution of warrants. Professor LaFave explains:

"Fourth Amendment violations relating to *execution* of the warrant are unaffected by *Leon*, as is reflected by the majority's caution that its discussion 'assumes, of course, that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant.' Accordingly, *Leon* cannot be invoked in the prosecution's favor on such issues as whether the warrant was executed in a timely fashion, whether entry without prior notice of authority and purpose to execute the warrant was permissible (when not authorized by the warrant itself), whether certain persons were properly detained or searched incident to execution of the warrant, whether the scope and intensity and duration of the warrant execution were excessive, and whether certain items not named in the warrant were properly seized."

LaFave, *"The Seductive Call of Expediency": United States v. Leon, It's Rationale and Ramifications*, 1984 U.Ill.L.Rev. 895, 915–16 (1984) (quoting *Leon*, 468 U.S. at 918 n. 19, 104 S.Ct. at 3419 n. 19) (original emphasis) (footnotes omitted). Unlike cases in which the police properly execute an invalid warrant that they reasonably thought was valid, in cases of improper execution there is police conduct that must be deterred. Thus we must determine whether the improper execution requires exclusion of the evidence.

---

1. The affidavit underlying the warrant did state that Medlin was an ex-felon. When an affidavit is attached to a warrant and incorporated by reference into the warrant, it can be used to cure a lack of particularity. *E.g., United States v. Klein*, 565 F.2d 183, 186 n. 3 (1st Cir.1977). There is no evidence in this case, however, that the affidavit was attached to the warrant.

The government argues that the seizures of the other items of personal property during the search are completely irrelevant to the admissibility of the weapons the BATF agents seized for use in the federal prosecution. The rule is that only the improperly seized evidence, not all of the evidence, must be suppressed, unless there was a flagrant disregard for the terms of the warrant. *See Waller v. Georgia*, 467 U.S. 39, 44 n. 3, 104 S.Ct. 2210, 2214 n. 3, 81 L.Ed.2d 31 (1984);[2] *United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir.1985); *Marvin v. United States*, 732 F.2d 669, 674–75 (8th Cir.1984); *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir.1982); *United States v. Wuagneux*, 683 F.2d 1343, 1354 (11th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *United States v. Heldt*, 668 F.2d 1238, 1259–60 (D.C.Cir.1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982). But "flagrant disregard for the limitations of a search warrant might make an otherwise valid search an impermissible general search and thus require suppression or return of all evidence seized during the search." *Marvin*, 732 F.2d at 674–75.

Medlin contends that, in addition to the weapons, police seized more than 500 items of his property. The government responds that these were stolen property and were in plain view. But Medlin asserts that only one item was found to be stolen. The district court apparently believed that the weapons seized by the federal agents could not be suppressed regardless of how extreme the actions of accompanying local police officers were. Therefore no evidence was presented at the suppression hearing concerning the circumstances surrounding the seizure of property not named in the warrant.[3] Because of the large number of seized items not listed in the warrant, it is possible the police used this warrant as a pretext for a general search,

which would taint the whole search. *See United States v. Rettig*, 589 F.2d 418, 423 (9th Cir.1978). We therefore must remand this case to the district court for an evidentiary hearing to determine whether property was seized illegally, and, if so, whether the improper conduct was so flagrant that exclusion of *all* the seized evidence is warranted.

AFFIRMED in part, but REMANDED for further proceedings consistent herewith.

---

**2.** Unlike the petitioner in *Waller v. Georgia*, Medlin apparently does assert that the scope of the warrant was exceeded in the places searched. *See Waller*, 467 U.S. at 44 n. 3, 104 S.Ct. at 2214 n. 3.

**3.** The record of the suppression hearing demonstrates that Medlin did not know it would be his only opportunity to present evidence on this issue. But the court suggested that it would have allowed presentation of evidence if Medlin's legal arguments had merit.