624 A.2d 532

**Keith Gordon KLINGENSTEIN**

v.

**STATE of Maryland.**

**No. 97, Sept. Term, 1992.**

Court of Appeals of Maryland.

May 14, 1993.

Fred R. Joseph, Joseph, Greenwald & Laake, P.A., and Leonard R. Stamm, Goldstein & Stamm, P.A., all on brief, Greenbelt, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen. and J. Joseph Curran, Jr., Atty. Gen., both on brief, Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of Court of Appeals (Retired, Specially Assigned).

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

## I

A fifty-four count indictment charging Keith Gordon Klingenstein, a registered pharmacist, with various violations of the Maryland Controlled Dangerous Substances laws and related offenses awaits trial in the Circuit Court for Prince George's County. The indictment was returned

by the Grand Jury as a result of evidence seized by the Maryland State Police in a search of a pharmacy owned and operated by Klingenstein, and in a search of his home. Each search was under the color of a warrant duly obtained by the police to meet the constitutional guarantees against unreasonable searches and seizures.

In 1789 the first ten amendments to the Constitution of the United States, known as the Bill of Rights, were proposed by Congress and declared ratified in 1791. The Fourth Amendment guaranteed:

[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures....

See *McMillian v. State*, 325 Md. 272, 281–282, 600 A.2d 430 (1992). The guarantee was assured by two clauses of the Amendment. The first clause commanded that

no Warrants shall issue, but upon probable cause, supported by Oath or affirmation....

The second clause required that the warrant

particularly describ[e] the place to be searched, and the persons or things to be seized.

## II

### A

The reason the indictment against Klingenstein has not come to trial is that he filed a pre-trial motion to suppress all of the fruits of the search of his place of business and of his home. Upon a plenary hearing, the Circuit Court for Prince George's County granted his motion. The State appealed. The Court of Special Appeals vacated the suppression order and remanded the case for further proceedings. *State v. Klingenstein*, 92 Md.App. 325, 608 A.2d 792 (1992). We granted Klingenstein's petition for a writ of certiorari.

## B

Klingenstein's pharmacy was located at 6201 Greenbelt Road, Greenbelt, Maryland. He lived at 9115 49th Place, College Park, Maryland. On 12 October 1990, a Trooper of the Maryland State Police obtained a warrant to search Klingenstein's pharmacy (the business warrant), and later that day another Trooper obtained a warrant to search the home (the home warrant). As we shall see, the business warrant was a proper warrant; the home warrant raised questions as to the constitutionality of its issuance.

The judge hearing the motion to suppress was satisfied that the business warrant did not offend the Fourth Amendment—it was supported by oath and particularly described the place to be search and the things to be seized. The "things to be seized" were expressly set out: "GLUTETHIMIDE" and "CODEINE," each a controlled dangerous substance, "DORIDEN," the trade name for Glutethimide, and false or forged prescriptions for those drugs. The judge found that the affidavit was sufficient to show probable cause to believe that the designated drugs were being "concealed" on the premises, as well as "evidence of the filling of forged prescriptions for these items." Klingenstein does not question that there was probable cause to support the issuance of the business warrant and that it was valid on its face. But he disputes the constitutionality of the seizures made pursuant to it, claiming that items were seized that were not particularly described in the warrant. In other words, there was a scope violation in the execution of the warrant.

It was adduced at the hearing that the police officers serving the warrant and conducting the search were accompanied by one Jack Freedman, who was a pharmacist and an auditor with the Drug Control Division of the State Department of Health and Mental Hygiene. It was not disputed that Freedman expressed his intention to have Klingenstein's pharmacist license suspended, and to that end instructed the officers to seize *all* drugs listed in Schedule II of the Controlled Dangerous Substances laws.

The officers did so. The judge noted that although the officer who applied for the warrant was "careful ... to specify particular drugs," he "relied upon the direction of Mr. Freedman, not any belief as to the scope of the warrant being greater than that expressed [therein]." The judge acknowledged that "certain items were seized reasonably within the scope of the search warrant," but others were not. The State concedes that some items seized were beyond the terms of the warrant. This gives rise to the proper sanction to be imposed. The judge believed that the sanction was that *all* of the fruits of the search must be suppressed. He declared:

> "The search was conducted in a general manner without regard to the limits of the search warrant...."

"[F]or that reason," he held, "the motion to suppress items seized under the search warrant issued for 6201 Greenbelt Road, Greenbelt, Prince George's County, Maryland, [the pharmacy,] must be granted."

### C

The Court of Special Appeals disagreed. It posited, 92 Md. at 345, 608 A.2d 792, that

> the appropriate sanction for a scope violation in the course of a warranted search is, with the exception of the rare and outrageous case where the entire execution of the warrant can be deemed either a subterfuge or a farce
>
> . . .

"[a] particularized, rather than plenary, suppression," quoting Justice Souter of the Supreme Court of New Hampshire (now of the Supreme Court of the United States) in *State v. Valenzuela*, 130 N.H. 175, 197, 536 A.2d 1252, 1267 (1987), *cert. denied*, 485 U.S. 1008, 108 S.Ct. 1474, 99 L.Ed.2d 703 (1988). The Court of Special Appeals looked to a statement by Judge Kennedy (now Justice Kennedy of the Supreme Court of the United States) in *United States v. Rettig*, 589 F.2d 418 (9th Cir.1978) which, as quoted in *United States v. Heldt*, 668 F.2d 1238 (D.C.Cir.1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982), was that

"in some cases a flagrant disregard for the limitations in a warrant might transform an otherwise valid search into a general one, thereby requiring the entire fruits of the search to be suppressed."

668 F.2d at 1259. The Court of Special Appeals then quoted with approval the general rule as set out in *Heldt, id.:*

"Absent that sort of flagrant disregard, the appropriate rule seems to be that where officers seize some items outside the scope of a valid warrant, this by itself will not affect the admissibility of other contemporaneously seized items which do fall within the warrant."

92 Md.App. at 347, 608 A.2d 792. The intermediate appellate court opined that the constitutional violation in the circumstances here "was by no stretch of the imagination ... fraudulent, corrupt, outrageous, or flagrant." *Id.* at 340, 608 A.2d 792.

On the finding that the conduct of the officers in the search and seizure at the pharmacy did not amount to a flagrant disregard for the limitations in the warrant, the Court of Special Appeals applied the sanction it found to be the general rule:

We hold, therefore, that the order of the hearing judge directing the total exclusion of all items seized in the search of the appellee's pharmacy was in error and is hereby reversed. Necessarily, the case will have to be remanded for a determination of which seized items were clearly beyond the scope of the warrant's command or were not otherwise seizable, which items should be excluded from evidence and returned to the appellee, and which other seized items fell within the warrant's command or were otherwise properly seizable, which items should not be suppressed.

*Id.* at 356–357, 608 A.2d 792.

■ We find no opinion of this Court which directly addressed the matter of the sanction when there is a scope violation. The intermediate appellate court referred to two of its earlier opinions, *Spease and Ross v. State,* 21 Md.

App. 269, 319 A.2d 560 (1974), *aff'd,* 275 Md. 88, 338 A.2d 284 (1975), and *Andresen v. State,* 24 Md.App. 128, 331 A.2d 78 (1975), *cert. denied,* 274 Md. 725, *aff'd,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). In our affirmance of *Spease,* however, we found it unnecessary under the circumstances to determine whether all the evidence (in that case conversations were seized) was required to be suppressed. 275 Md. at 103, 338 A.2d 284. In *Andresen* the issue was never before us, as we declined to review the case. The Supreme Court of the United States has not provided a definitive answer. In *Marron v. United States,* 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927) a central issue was the propriety of a seizure under a warrant. The Court discussed the particularity requirement of the Fourth Amendment, but the Court was able to legitimate the seizure of the disputed evidence even without a search warrant, deeming it to be incident to a lawful arrest. The Supreme Court's *Andresen,* 427 U.S. at 482 n. 11, 96 S.Ct. at 2749 n. 11, stated:

> The record discloses that the officials executing the warrants seized numerous papers that were not introduced into evidence. Although we are not informed of their content, we observe that to the extent such papers were not within the scope of the warrants or were otherwise improperly seized, the State was correct in returning them voluntarily and the trial judge was correct in suppressing others.

Other than that hint, the main thrust of the Court's Fourth Amendment discussion did not go to the question here; the issue was whether the commands of the warrant in question made it a general warrant. The Court held that they did not. *Id.* at 478–484, 96 S.Ct. at 2747–2750.

The Court of Special Appeals turned to cases decided by various United States Courts of Appeal on the appropriate sanction for a scope violation in the case of a warranted search. *See Klingenstein,* 92 Md.App. at 345–355, 608 A.2d 792. They all support the general rule accepted by the Court of Special Appeals. We have also surveyed the cases

in other jurisdictions which addressed the matter of the suppression of evidence seized under a warranted search. We find accord with the view of the Court of Special Appeals. The federal courts have consistently held that the seizure of items outside the scope of the warrant will not ordinarily affect the admissibility of items properly seized. *See,* for example, in addition to the cases cited by the Court of Special Appeals, *United States v. Artieri,* 491 F.2d 440, 446 (2d Cir.), *cert. denied,* 419 U.S. 878, 95 S.Ct. 142, 42 L.Ed.2d 118 (1974); *United States v. Forsythe,* 560 F.2d 1127, 1134 (3rd Cir.1977); *United States v. Beusch,* 596 F.2d 871, 876 (9th Cir.1979); *U.S. v. Premises Known as 1007 Morningside,* 625 F.Supp. 1343, 1350 (N.D.Iowa 1985); *Watts v. Kroczynski,* 636 F.Supp. 792, 801 (W.D.La.1986); *Huebner v. U.S.,* 731 F.Supp. 1441, 1446 (D.Ariz.1990).

We have also sampled the opinions of state appellate courts. They are in complete harmony with the general rule. *See,* for example, *State v. Romero,* 660 P.2d 715, 717 (Utah 1983); *State v. Monsrud,* 337 N.W.2d 652, 661 (Minn. 1983); *Commonwealth v. Lett,* 393 Mass. 141, 470 N.E.2d 110, 113–114 (1984); *State v. Riedinger,* 374 N.W.2d 866, 872 (N.D.1985); *State v. Valenzuela,* 536 A.2d at 1267.

In short, it appears to be universally recognized that under the Fourth Amendment the exclusionary rule does not act to suppress evidence seized within the scope of a warrant simply because evidence outside the scope of a warrant was unlawfully seized. In other words, the general rule is that only those items which were unconstitutionally seized are to be suppressed; those which were constitutionally seized may stand. We are in accord with this view and find it to be consistent with the import of our opinions. *See,* for example, *Brooks v. State,* 235 Md. 23, 29, 200 A.2d 177 (1964); *State v. Wilson,* 279 Md. 189, 195, 367 A.2d 1223 (1977); *Wiggins v. State,* 315 Md. 232, 252–253, 554 A.2d 356 (1989). Therefore, we affirm the judgment of the Court of Special Appeals with respect to the order of the Circuit Court for Prince George's County suppressing the fruits of the search of the pharmacy.

### D

■ In its discussion of the sanction for a scope violation, the Court of Special Appeals noted an exception to the general rule. If there were a "flagrant disregard" of the terms of the warrant, *all* the items seized must be suppressed. Although the intermediate appellate court found that there was not such a flagrant disregard in the circumstances of the search of the pharmacy, it gave the impression that the flagrant disregard concept was appropriate under the Fourth Amendment. Klingenstein leaned heavily on the flagrant disregard exception in arguing that the suppression of all of the items seized at the pharmacy was proper. The Supreme Court of the United States, however, has not adopted the concept. That Court has made no more than passing reference to it. In *Waller v. Georgia*, 467 U.S. 39, 43–44, n. 3, 104 S.Ct. 2210, 2214, n. 3, 81 L.Ed.2d 31 (1984), the Court said:

Petitioners' second Fourth Amendment challenge is that police so "flagrant[ly] disregard[ed]" the scope of the warrants in conducting the seizures at issue here that they turned the warrants into impermissible general warrants. Petitioners rely on lower court cases such as *United States v. Heldt*, 215 U.S. App.D.C. 206, 227, 668 F.2d 1238, 1259 (1981) (*per curiam* ), cert. denied *sub nom. Hubbard v. United States*, 456 U.S. 926 [102 S.Ct. 1971, 72 L.Ed.2d 440] (1982), and *United States v. Rettig*, 589 F.2d 418, 423 (CA9 1978), for the proposition that in such circumstances the entire fruits of the search, and not just those items as to which there was no probable cause to support seizure, must be suppressed. Petitioners do not assert that the officers exceeded the scope of the warrant in the places searched. Rather, they say only that the police unlawfully seized and took away items unconnected to the prosecution. The Georgia Supreme Court found that all items that were unlawfully seized were suppressed. In these circumstances, there is certainly no requirement that lawfully seized evidence be suppressed as well.

Although courts in other jurisdictions have discussed the exception, our attention has been called to only two cases in which the flagrant disregard concept has been applied to suppress all of the fruits of a search, both those constitutionally seized as well as those beyond the scope of the warrant. *United States v. Medlin,* 842 F.2d 1194 (10th Cir.1988) and *State v. Johnson,* 605 So.2d 545 (Fla.App. 1992).[1] We are not persuaded to overlay the exclusionary rule of the Fourth Amendment with the "flagrant disregard" concept. The Supreme Court has not seen fit to do so and neither do we.

### III

### A

The hearing judge was concerned with the probable cause requirement of the Fourth Amendment with respect to the warrant for the search of the home. He found that it fell short of constitutional standards. He observed that the application for the second warrant incorporated therein the application for the first warrant and that the application for the second warrant not only made several references to items seized under the first warrant but also attached the inventory report of items seized in the first search. This convinced the judge that

> the second search warrant and items seized pursuant to it must have relied in part on the fruits of the poisonous tree.

In sum, the judge held that the issuance of the warrant for the search and seizures at the home was unconstitutional because it was deficient with respect to probable cause. He

---

1. In *United States v. Rettig,* 589 F.2d 418 (9th Cir.1978) the court held that the failure of the federal agents to inform the state judge that a federal judge refused to issue a warrant the day before transformed the entire warrant exercise into a massive subterfuge, calling for suppression of all of the evidence. 589 F.2d at 421–423. *Rettig* does not appear to be within the "flagrant disregard" concept. The action of the police amounted to an outright fraud on the court. *See State v. Klingenstein,* 92 Md.App. 325, 346–347, 608 A.2d 792 (1992).

had found that the seizure of some of the items during the search of the pharmacy did not meet constitutional standards and he had suppressed them. Inasmuch as those unconstitutionally seized items were at least to some extent relied upon to show probable cause for the issuance of the warrant for the home, the warrant for the home was so tainted as to render it unconstitutional. It followed, he believed, that the seizures at the home were unreasonable, there being no valid warrant to justify them. It was because this tainted information had been infused into the application for the second warrant that the judge granted the motion to suppress with respect to the search of the home.

## B

The Court of Special Appeals found the question with respect to the search of the home to be what sanction is applicable when "some tainted information entered into the warrant application...." 92 Md.App. at 329–330, 608 A.2d 792. The court's reading of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), *United States v. Karo*, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984) and *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), as discussed at 357–361 of 92 Md.App., 608 A.2d 792, led the court to conclude that constitutionally tainted material may be factored out of the warrant application and the remaining untainted material may be assessed to see whether it alone establishes probable cause. "Notwithstanding the presence of tainted information in a warrant application," the intermediate appellate court observed, "the adequacy of the remaining untainted information to establish probable cause is, *ipso facto*, an independent source for the issuance of the warrant." 92 Md.App. at 361, 608 A.2d 792. An "independent source" provides an exemption to the "poisonous tree" doctrine, holding that, "when the Fourth Amendment has been violated in obtaining evidence, such tainted evidence shall not only not be used directly but shall not be used at all." *Id.* at 360–361,

608 A.2d 792. The Court of Special Appeals concluded, "Applying the *Franks v. Delaware* principle to the search of [Klingenstein's] home yields a simple conclusion."

> The mention in the warrant application for the home that Schedule II drugs had been recovered in the search of the pharmacy was not an indispensable or pivotal component of probable cause. It was a *de minimis* triviality. Remaining, untainted information abundantly established probable cause for the search of the appellee's home. In all likelihood, if we factored out the very fact that the pharmacy had ever been searched, the probable cause for the search of the home would not be fatally eroded. *A fortiori*, factoring out the passing mention of those items seized that were a scope violation would not fatally erode that probable cause.

*Id.* at 362, 608 A.2d 792. The court held:

> There was no justification for the invalidation of the warrant to search the home and for the suppression of its fruits.

*Id.* The Court vacated the suppression order for the home and remanded the case for further proceedings consistent with its opinion. *Id.*

### C

 We agree with the Court of Special Appeals that under *Franks, Karo,* and *Wade* the tainted information in the warrant application does not necessarily render the warrant unconstitutional. But we think that when there is a motion to suppress the evidence seized under a warrant based on lack of probable cause for the issuance of the warrant the matter is initially for the hearing judge. The belief of the judge issuing the warrant that the application showed probable cause is not conclusive when questioned and is subject to review by the hearing judge. *See Birchead v. State,* 317 Md. 691, 701–702, 566 A.2d 488 (1989); *Potts v. State,* 300 Md. 567, 570–573, 479 A.2d 1335 (1984). It follows that the culling of tainted information and the determination of whether the remaining untainted informa-

tion is adequate to show probable cause is also a matter for the hearing judge in the first instance. The further proceedings on remand to the circuit court should be to that end, not strictured by a culling by the appellate court and a holding by it that the remaining untainted information was adequate. If the hearing judge concludes, after factoring out the tainted information, that the information remaining established probable cause for the issuance of the warrant, he should, of course, uphold it and deny the motion to suppress insofar as it is founded on the unconstitutionality of the issuance of the warrant. The appellate court will then be in a position to perform its function of making an independent constitutional appraisal of the propriety of the hearing court's rulings. *See McMillian v. State,* 325 Md. at 281, 600 A.2d 430; *Riddick v. State,* 319 Md. 180, 183, 571 A.2d 1239 (1990); *Harris v. State,* 303 Md. 685, 697, 496 A.2d 1074 (1985).

██ If the hearing judge, after culling out the tainted information, determines that the remaining showing of probable cause is sufficient, there remains, in the circumstances here, a question arising under the particularity clause of the Fourth Amendment. This question was not reached by the hearing judge nor was it addressed by the Court of Special Appeals. If the hearing judge determines that the issuance of the home warrant met the constitutional guarantee of probable cause, he shall then determine under the particularity clause which items seized were within the terms of the warrant and which items were beyond the scope of the warrant. He shall deny the motion to suppress as to those items which he finds were constitutionally seized and grant the motion only as to those items which were seized beyond the terms of the warrant.

**JUDGMENTS OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART;**

**CASE REMANDED TO THAT COURT WITH DIRECTION TO REMAND THE CASE TO THE CIRCUIT**

COURT FOR PRINCE GEORGE'S COUNTY WITH DI-
RECTION TO VACATE ITS JUDGMENTS AND TO CON-
DUCT FURTHER PROCEEDINGS PURSUANT TO THIS
OPINION;

COSTS IN THIS COURT AND IN THE COURT OF
SPECIAL APPEALS TO BE PAID BY PETITIONER.