**PUBLISH**
UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 1/14/97**

UNITED STATES OF AMERICA,

        Plaintiff-Appellant,

v.

ALBERT FOSTER, JR.,

        Defendant-Appellee.

No. 95-7131

**ORDER**

Before **ANDERSON**, **McKAY,** and **MURPHY**, Circuit Judges.

The United States has filed a petition for rehearing in this case, arguing that the panel failed to "address controlling Supreme Court authority" in affirming the district court's order of blanket suppression. We deny the petition for rehearing. In doing so, we make the following observations.

The United States argues that, properly interpreted, *Waller v. Georgia*, 467 U.S. 39 (1984), allows the remedy of blanket suppression only when the officers conducting a search exceed the warrant with regard to the range of places to be

searched. The problem with this argument, however, is that this panel is not free to adopt the United States' interpretation of *Waller*.

In *United States v. Medlin*, 842 F.2d 1194, 1198-99 (1988), a panel of this court cited *Waller* as one of several cases standing for the proposition "that even evidence which is properly seized pursuant to a warrant must be suppressed if the officers executing the warrant exhibit 'flagrant disregard' for its terms." The panel in *Medlin* went on to hold that "[w]hen law enforcement officers grossly exceed the scope of a search warrant *in seizing property*, the particularity requirement is undermined and a valid warrant is transformed into a general warrant thereby requiring suppression of all evidence seized under that warrant." *Id.* at 1199 (emphasis added). Accordingly, a panel of this court has already determined that *Waller* supports the remedy of blanket suppression in the context of an overly broad seizure. As noted in the panel opinion in this case, a three-judge panel cannot disregard or overrule circuit precedent. *United States v. Foster*, 100 F.3d 846, 851 (10th Cir. 1996). Absent *en banc* reconsideration, which the United States has not suggested, or a *superseding* contrary decision by the Supreme Court, this panel is obligated to apply the interpretation of *Waller* set out in *Medlin*. *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993), *cert. denied*, 115 S. Ct. 53 (1994).

Judge Anderson would also deny the petition for rehearing but does not otherwise join this order.

The petition for rehearing is hereby **DENIED**.

Entered for the Court


Michael R. Murphy
Circuit Judge