BRISCOE, Circuit Judge,
concurring:
Although I agree summary judgment for defendants is appropriate in this case, I write separately because I disagree with the majority’s conclusion that Fourth Amendment protections against unreasonable seizures cannot be implicated in the suicide of a pretrial detainee. As the majority notes, in Austin v. Hamilton, 945 F.2d 1155, 1160 (10th Cir.1991), we held the Fourth Amendment provides a constitutional source for substantive restrictions on the treatment of an arrestee detained without warrant. The majority would limit the Fourth Amendment’s protection in this context to a narrow type of injury — use of excessive force. However, where the Fourth Amendment applies, it does not prohibit only use of excessive force, but rather prohibits any unreasonable seizure. In looking to the nature of the injury to determine the standard to be applied, the majority ignores the principle that the standard comes not from the classification of the injury the plaintiff suffered, but from the constitutional provision which was violated to cause the injury. See Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). Contrary to the majority’s apparent conclusion, the mere fact that a claim deals with the denial of adequate medical care does not require application of the deliberate indifference standard. See Youngberg v. Romeo, 457 U.S. 307, 312 n. 11, 315, 102 S.Ct. 2452, 2456 n. 11, 73 L.Ed.2d 28 (1982).
I would not hold, at the majority does, that a jail suicide may never be the result of an objectively unreasonable seizure. Whether a seizure is reasonable under the Fourth Amendment depends on the nature of the seizure and all of the circumstances surrounding it. United States v. Montoya de Hernandez, 473 U.S. 531, 537, 105 S.Ct. 3304, 3308, 87 L.Ed.2d 381 (1985). The Supreme Court has not held that the Fourth Amendment inquiry into how a seizure is carried out is limited to determining whether excessive force was employed, but rather that the Fourth Amendment protections against unreasonable seizures are at least broad enough to include all claims of excessive force. Graham, 490 U.S. at 395, 109 S.Ct. at 1871. Accepting the premise set forth in Austin[1] — that the Fourth Amendment provides standards applicable to the confinement conditions of an arrestee prior to judicial determination of probable cause — I would permit a claim arising from the suicide of an arrestee detained without a warrant to be analyzed under Fourth Amendment principles. See Pylca v. Village of Orland Park, 906 F.Supp. 1196 (N.D.Ill.1995) (arrestee suicide claim analyzed under Fourth Amendment); Freece v. Young, 756 F.Supp. 699, 703 (W.D.N.Y.1991) (same, relying on Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir.1989), which we cited as supporting authority in Austin); Jones v. County of DuPage, 700 F.Supp. 965 (N.D.Ill.1988). Although, as the majority points out, we have applied the deliberate indifference test to inadequate medical attention claims of pretrial detainees since Austin, see Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir.1994); Estate of Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir.1994); Frohmader v. Wayne, 958 F.2d 1024 (10th Cir.1992), there is no indication that the plaintiffs in those cases asserted their claims under the Fourth Amendment, arguing its objective reasonableness standard should be applied. I do not imply that the numerous cases applying a deliberate indifference standard to inadequate medical assistance or jail suicide eases do so improperly when the plaintiff asserts a substantive due process or Eighth Amendment claim. Recognizing that the Fourth Amendment may apply to this case does not imply that the Fourth Amendment provides the exclusive remedy and that substantive due process does not also apply. See Graham, 490 U.S. at 395 n. 10, 109 S.Ct. at 1871 n. 10 (recognizing both Fourth Amendment protections and *871 substantive due process protections could apply to same type of injury in pretrial detention period).
Despite my willingness to evaluate plaintiffs’ claim under the Fourth Amendment standard, I agree that summary judgment is proper here. Under the totality of the circumstances, defendants’ challenged actions do not render the seizure as a whole objectively unreasonable.

. Although the premise may be open to debate, see Riley v. Dorton, 115 F.3d 1159, 1161-62 (4th Cir.1997) (Fourth Amendment does not extend beyond the point of arrest), we are not free to disregard it here, see United States v. Foster, 104 F.3d 1228, 1229 (10th Cir.1997) (appellate panel bound by decision of another panel).