FILED
United States Court of Appeals
Tenth Circuit

October 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS THEODORE GARNER, III,

Defendant - Appellant.

No. 09-5127
(D. C. No. 4:09-CR-00028-GKF-1)
(N.D. Okla. )

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Thomas Theodore Garner, III appeals the district court's refusal to suppress evidence seized from his home during the execution of a search warrant that had expired four days before it was executed. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  BACKGROUND

On December 5, 2008, Bureau of Alcohol, Tobacco, and Firearms ("ATF") Special Agent Stephen J. Brenneman obtained a federal warrant to search Mr. Garner's home for firearms and other weapons-related items.  Magistrate Judge Frank H. McCarthy signed a form entitled Application and Affidavit for Search Warrant and filled in a blank on the form by hand indicating the date on which the affidavit was presented to him.  Although it is not disputed that Judge McCarthy signed the form on December 5, 2008, his handwritten date is not clear and could arguably be mistaken for December 15 rather than December 5.  The actual warrant, however, unmistakably commands that it be executed "on or before December 5th, 2008."

Nevertheless, ATF agents did not execute the warrant until December 10, 2008. During the search of Mr. Garner's home, the agents discovered firearms and ammunition which precipitated a three-count indictment charging Mr. Garner with: (1) being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1); (2) being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3); and (3) possession of an unregistered rifle having a barrel of less than 16 inches in length in violation of 26 U.S.C. § 5861(d).  Initially, Mr. Garner pleaded not guilty and moved to suppress the evidence found during the search.  The district court denied the motion, concluding that the warrant's command that it be executed on or before December 5, 2008 was a clerical error and that the agents had relied in good faith on the typical practice of the jurisdiction, which permits warrants to be executed within

ten days of their issuance.

Mr. Garner then pleaded guilty to Count One of the indictment on the condition that he be permitted to appeal the denial of his motion to suppress. The district court sentenced him to forty-six months' imprisonment, three years of supervised release, a $1000 fine, and a $100 special assessment. This appeal followed.

## II. DISCUSSION

In *United States v. Sims*, 428 F.3d 945, 955 (10th Cir. 2005), we held that the execution of an expired warrant does not require the suppression of evidence found during the search unless: "(1) there was prejudice in the sense that the search might not have occurred . . . if the [warrant requirement] had been followed; or (2) there is evidence of intentional and deliberate disregard of a provision in the [warrant]." Applying this test, we affirmed the admission of evidence seized during the execution of a warrant that had expired the day before it was executed because "there was no showing that the one-day delay was the result of any intentional disregard of the terms of the warrant," and "there [was] no evidence the execution on January 25 rather than January 24 had any effect on the Government's probable cause to search Sims's office computer whatsoever." *Id*.

Accordingly, even if we agree with Mr. Garner that the warrant's command that it be executed on or before December 5, 2008 was not a clerical error, his motion to suppress can only be granted if he demonstrates that the execution of the expired warrant was prejudicial or that it was done intentionally and with deliberate disregard of the warrant's expiration date. He did not make this showing below, nor does he attempt to

- 3 -

make it on appeal.  Indeed, Mr. Garner concedes that *Sims* controls.  Even so, he contends that *Sims* was incorrectly decided.

This "three-judge panel cannot disregard or overrule circuit precedent."  *United States v. Foster*, 104 F.3d 1228, 1229 (10th Cir. 1997).  Furthermore, "we may affirm a district court's evidentiary rulings for any reason supported by the record."  *United States v. Oldbear*, 568 F.3d 814, 821 n.1 (10th Cir. 2009) (citing *United States v. Ledford*, 443 F.3d 702, 707 (10th Cir. 2005)).  Thus, although the district court did not rely on *Sims* to deny Mr. Garner's motion to suppress, its ultimate resolution of the motion was correct.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge