**In re Gary OLESEN, Petitioner.**

**No. 11–4190.**

United States Court of Appeals,
Tenth Circuit.

Nov. 4, 2011.

Russell Paul Butler, Upper Marlboro, MD, Heidi Nestel, Utah Crime Victims Legal Clinic, Salt Lake City, UT, for Petitioner.

Paula Kay Harms, Keith Hilzendeger, Ken Murray, Arizona Federal Defender Office, Phoenix, AZ, Richard P. Mauro, Scott C. Williams, LLC, Salt Lake City, UT, for Douglas Stewart Carter.

Sharel Reber, Assistant Attorney General, Thomas Bowen Brunker, Jean Hendrickson, Erin Riley, Office of the Attorney General for the State of Utah, Salt Lake City, UT, for Alfred Bigelow.

Before BRISCOE, Chief Judge, EBEL and KELLY, Circuit Judges.

## ORDER

This is an original proceeding in the nature of mandamus under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(d)(3).[1] Gary Olesen is the son of Eva Olesen, who was murdered by Douglas Stewart Carter twenty-six years ago. Carter confessed to the murder and was convicted of murder and sentenced to death. He currently is pursuing habeas corpus relief under 28 U.S.C. § 2254. As the victim's representative, *see id.* §§ 3771(b)(2)(D), (e), Mr. Olesen seeks a writ of mandamus directing the district court to (1) reconsider, in light of his CVRA rights, within two weeks its denial of the State's motion to dismiss Carter's remaining § 2254 claims; (2) afford Mr. Olesen his rights under § 3771(a)(3), (4), (7), and (8) in all future proceedings;[2] and (3) avoid all further unwarranted delay and to report to this court within two weeks

---

1. In the alternative, Mr. Olesen seeks a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651.

2. These sections afford the crime victim's representative the right to not be excluded from public court proceedings, the right to be rea-

sonably heard in certain proceedings, the right that the proceedings be free from unreasonable delay, and the right to be treated with fairness. *See also* 18 U.S.C. § 3771(b)(2)(A) (extending these rights to habeas corpus proceedings).

with a scheduling order to resolve the remaining issues in the habeas case by the end of 2011, if reconsideration of the motion to dismiss does not result in dismissal.

# I.

The underlying § 2254 habeas action began in district court on April 22, 2002. On June 11, 2008, Mr. Olesen, through counsel, made his first demand for victims' rights under § 3771(a)(7) and (8), noting the delay in the habeas proceeding and requesting that the court consider his rights to "proceedings free from unreasonable delay" and to "be treated with fairness" and that the court resolve the case promptly. Mr. Olesen continued to assert his rights under the CVRA in numerous pleadings filed from 2008 through 2011.

Recently, on August 18, 2011, Carter filed a motion to stay proceedings while he exhausted new claims alleging violations of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Both the State and Mr. Olesen opposed the motion. On September 8, 2011, the State moved to dismiss the remaining claims in the habeas action pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Mr. Olesen filed an assertion of his rights in support of the State's motion, contending the unreasonable delay in the proceedings violated his rights as a victim's representative under the CVRA.

On October 24, 2011, the district court denied dismissal under Rule 41(b), applying the five factors set forth in *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). The court recognized that there had been delays in the case attributable to both parties and to the court, but noted that progress had been made. Although the court acknowledged Mr. Olesen's filing, the court did not specifically address his CVRA rights in its order. The same

day, the court denied, without prejudice, Carter's motion to stay proceedings. The court ordered Carter to file his merits brief within thirty days,[3] the government to file its response brief sixty days later, and Carter to file a reply brief thirty days after that.

As permitted by the CVRA, Mr. Olesen has filed a petition for a writ of mandamus seeking review of the district court's decision denying the motion to dismiss. *See* 18 U.S.C. § 3771(d)(3) (providing that if district court denies crime victim's representative his rights, representative may immediately petition court of appeals for writ of mandamus and court must decide whether to grant or deny writ within seventy-two hours of filing). Mr. Olesen argues that mandamus should be granted because the district court (1) failed to consider his rights in denying the motion to dismiss; (2) failed to state on the record its reasons for denying his rights; and (3) failed to guarantee him his "right to proceedings free from unreasonable delay," *id.* § 3771(a)(7), and his "right to be treated with fairness," *id.* § 3771(a)(8). Pursuant to this court's order, Carter and the State have filed responses.

# II.

## *Standard of Review*

It is settled in this circuit that traditional standards for obtaining mandamus relief apply to CVRA mandamus petitions. *See In re Antrobus,* 563 F.3d 1092, 1097 (10th Cir.2009) (citing *In re Antrobus,* 519 F.3d 1123, 1124 (10th Cir.2008)). While good arguments can be made in support of the view that a more easily satisfied standard should be applied to CVRA mandamus petitions, *see In re Stewart,* 552 F.3d 1285, 1288 (11th Cir.2008); *Kenna v. U.S. Dist. Ct.,* 435 F.3d 1011, 1017 (9th Cir.2006); *In*

---

**3.** The court rejected Carter's request for forty-&#x20;five days to file his brief.

re W.R. Huff Asset Mgmt. Co., LLC, 409 F.3d 555, 562–63 (2d Cir.2005), we are bound by our prior precedent, and we decline to reconsider it, as Mr. Olesen requests. See, e.g., United States v. Foster, 104 F.3d 1228, 1229 (10th Cir.1997) (holding that one "panel cannot disregard or overrule circuit precedent" without en banc reconsideration).

"The Supreme Court has made it clear that mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary situations.'" In re Antrobus, 519 F.3d at 1124 (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam)). The writ of mandamus is used to confine a district court "to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Allied Chem. Corp., 449 U.S. at 35, 101 S.Ct. 188 (internal quotation marks omitted). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." Id. Thus, in order to obtain the writ, a petitioner must show that his right to the writ is "clear and indisputable." Id. (internal quotation marks omitted). "It is not appropriate to issue a writ 'when the most that could be claimed is that the district court[] ... erred in ruling on matters within [its] jurisdiction.'" In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1187 (10th Cir.2009) (quoting Schlagenhauf v. Holder, 379 U.S. 104, 112, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)).

### Analysis

Mr. Olesen argues that even though he asked the district court to dismiss Carter's unresolved claims based on his CVRA right to be free from unreasonable delay in proceedings, the district court failed to address his CVRA assertions. See 18 U.S.C. § 3771(b)(2)(A) (requiring court to ensure victim receives rights in habeas proceedings). The CVRA requires the district court to "take up and decide. any motion asserting a victim's right forthwith" and to clearly state its reasons for denying relief on the record. Id. §§ 3771(b)(1), (d)(3). It is true, as Mr. Olesen asserts, that the district court did not specifically address Mr. Olesen's claims. The court did, however, acknowledge that he had asserted his rights under the CVRA. Although the court fulfilled its duty to make a prompt determination, it could have been more clear about stating its reasons on the record. But it is apparent that the court determined Mr. Carter's right to proceed with habeas proceedings justified the delay.

Because the district court acknowledged the CVRA filing by Mr. Olesen, we cannot conclude that Mr. Olesen's right to mandamus relief directing the district court to reconsider its order denying the State's motion to dismiss under Rule 41(b) is clear and indisputable. In so ruling, however, we would encourage district courts when confronted with a CVRA motion to do more than simply acknowledge the assertion of CVRA rights and to expressly address the rights asserted. Cf. Antrobus, 563 F.3d at 1101 (directing district courts to be sensitive to victim's rights); Kenna, 435 F.3d at 1013 (recognizing that CVRA makes victims independent participants in legal process).

Mr. Olesen asks this court when assessing unreasonable delay to apply the factors set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for evaluating the constitutional right to a speedy trial. See S.Rep. No. 108–191, 2003 WL 22680234, at *37 (2003) (referring to Barker); S.Rep. No. 105–409, 1998 WL 723953, at *28 (1998) (same). These factors are: (1) the length of the delay; (2) the reason for the delay; (3) the victim's assertion of his rights; and (4) the preju-

dice to the victim. *See Barker*, 407 U.S. at 530, 92 S.Ct. 2182. Assuming without deciding that these factors apply, we agree with Mr. Olesen that the more than nine-and-a-half-year delay is too long, he has not been responsible for the delay, he has asserted his rights several times, and he has been prejudiced by the lengthy litigation. Nonetheless, while the question is close, we cannot conclude at this juncture that the prejudice and delay overcome Carter's due process right to have his habeas case decided. A part of our consideration is the likelihood that under the present briefing schedule this habeas action will soon be concluded by a final ruling by the district court. Thus, although there was delay, we cannot further conclude that Mr. Olesen has a clear and indisputable right to the granting of the motion to dismiss.

The district court's setting of the briefing schedule suggests that the court is moving forward and recognizes the need to dispose of the case as expeditiously as possible. Contrary to Mr. Olesen's assertion and in light of the number and complexity of the issues remaining in this capital habeas case, it is not realistic for the parties to complete briefing and for the court to resolve this case by the end of 2011. At this point, given the positive indications from the briefing schedule imposed on the parties and the court's own acknowledgment that this case has been unduly delayed, we will not set a deadline for the court's final ruling in this case.

We are sympathetic to Mr. Olesen regarding the long delays in this case. *Cf. Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 821 n. 30 (10th Cir.1995) (noting delays due to numerous motions for extensions of time by parties and two-and-a-

half-year unexplained time period during which case was at issue and disapproving of "inordinate and unreasonable delays in the absence of some reasonable explanation why it was necessitated"). But because the case is proceeding and a briefing schedule has been set, we cannot conclude that the district court's denial of the motion to dismiss for lack of prosecution was clearly wrong. Thus, we cannot say that Mr. Olesen's right to the writ is "clear and indisputable." *Allied Chem. Corp.*, 449 U.S. at 35, 101 S.Ct. 188 (internal quotation marks omitted). We encourage the district court to hold firm to the briefing schedule and to decide the case promptly after briefing is completed.[4]

### III.

The petition for a writ of mandamus is DENIED.

---

4. To the extent Mr. Carter seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C.

§ 2244 for filing a second or successive § 2254 habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–30, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).